The Opinion of the Court in this case, was first delivered at the Spring Term — June 11, 1335, by Judge Ewing, but was alter-wards suspended, upon suggestions of counsel, and is now made final, having been modified to read as follows:—
An action of ejectment having been brought by Washington, against McGee, returnable to the May term of the Christian Circuit Court, 1831 — the parties entered into a written agreement, which they filed and had entered on record, that judgment should be rendered in - ,, , , favor ol the lessor of the plaintiff, for the land. ±>ut as it was believed by the parties, that the defendant would, by suit in Chancery, be entitled to pay for his improvements, after the deduction of rents, it was further agreed, that commissioners, selected by themselves, and named in the agreement, should be appointed by the ^urt, to make an assessment; and that the Court should -nter up judgment, upon equitable principles, for whatever might be found due to McGee, if any thing, and render judgment for Washington, for the land; but he was not to have possession till the rents were paid for, or secured to be paid.
The commissioners having returned their report, the Court, upon the agreement, entered a judgment, at the November term, 1833, in favor of Washington, for the land, and in favor of McGee, against him, for two hundred and sixteen dollars, eighty five cents, for improvements, to be paid on or before the next term of said Court; and when said payment was made, Washington to have his writ of habere facias possessionem, and not before; and gave judgment for the whole costs in favor of Washington. From which judgment Washington has appealed.
A bill of exceptions, when made partoftherecord, requires no seal.
The decision of a judge, upon a case submitted by agreement of parties {vide supra), is not an award,but ajudgment, or decree, which may be revised here.
There is no fixed, rule, of universal application, for the liquidation pf improvements,#• rents and profits, in cases not within the occupant laws. In some, the tenant losing the land, is held accountable for rents from the time when he entered; in some, from the time when he had notice of the adverse claim, by the service of process; and in some, only from the rendition of judgment of eviction — each case depending on its own peculiar circumstances .
A man sells a tract of land, and afterwards includes the same tract in a sale and deed to another. The tenant,holding under thefirst purchaser’s, title bond, is assured that he shall have the title, and persuaded to rest easy, until his vendor dies. He then brings suit for the title, and obtains a decree, but that decree is after-wards reversed; and the second purchaser,having lain by for many years,nowbrings his ejectment, #• recovers theland: held, that, under such circumstances, the rents and profits for which the tenant is accountable, as a set-off to the value of his improvements,shall commence at the date when his decree for a title was reversed.— And the improvements are,therefore, to be valued, as they would have been at that time,in theirthen dilapidated condition, — not at their cost or valué when new;
*446 A preliminary question is raised in this case, namely,, that the Judge has not put his seal to the bill of except tions, and it is therefore not to be regarded by this Court,, as exhibiting truly the evidence that was adduced; and that the same is the whole of the evidence. A seal is not necessary when the bill of exceptions is spread on, the record and made a part thereof, as in this case. 1 Stat. Law, 246 — 7.
Another question is made, that, by the agreement, the case was submitted to the Court as an arbitrator, and his,-, award is final.
We regard the agreement as submitting the case to the Court, as a Chancellor, without the formality of plead-, ing, and his judgment or decree, like his judgment or decree ip any agreed case, subject to the revision of this Court.
Our predecessors have labored to establish some general rule, applicable to all cases, for the liquidation of rents and improvements, ip Chancery, in cases which do not fall within our statutes on the subject of occupying claimants to land. Their labors have resulted in the conclusion, that no universal rule can be established.. But that each case, depending upon its own peculiar cir-.. cumstanees, must be left to the sound discretion of the-Chancellor, In one class of cases, they have made the-entry of the occupant the date for the commencement of the calculation of rents. In another, they have made n.otice by the commencement of suit, the proper time. 2 Marshall, 216. And in a third they have made the recovery of judgment. 4 Littell, 372. And all these periods may be equitable and just, under the peculiar cir-stances of each case.
We are constrained to govern this case by the latter rule,
McGee claimed and took possession of the land in 1813, under a deed of gift made to him by Hugh McGee,,, who was assignee of a bond executed by one B. A. Allen to one Kesler, for fifty acres, out of a four hundred, acre tract, which he afterwards sold to Washington, in. 1815, and made a deed to the whole tract, without ex-.. *447 'eluding said fifty acres. McGee, after he took possession, was frequently advised by Allen, both before and after he sold to Washington, that he should have the title "made to him, and encouraged him to entertain no uneasiness, but go on to improve his purchase. Allen died, and a bill was filed by Hugh McGee, against Washington and Allen’s heirs, for a title, and obtained the decree of the Circuit Court. After much delay, the case was taken by the defendants, to the Court of Appeals-, and reversed, in 1828. And the said Washington never commenced his action for the possession, till 1831. From these facts, we are satisfied that John McGee was a bona fide possessor, having a well grounded confidence in the superiority of his title, which was sanctioned and sustained by the decree of a judicial tribunal. While, on the other hand, Washington has laid by, permitting the rents to accumulate, and the improvements to rise up upon the land, without any effort on his part to assert his right to the possession. To say the least, he has evidently been guilty of great laches and supineness in the assertion of his claim. Under these circumstances, we have no difficulty in excluding him from the recovery of rent before the date of the decree of this Court reversifig the 'decree in favor of Hugh McGeé.
This rule was adopted by the inferior court in the assessment of rents, and thus far the decision of that court is sustained.
But when this period is fixed for the commencement of rents, the same period should be fixed for the value of the improvements.
It would be unjust to value improvements at their intrinsic worth when made, or estimate them by the value of labor necessarily expended in their construction, when no allowance for rents is made from the same period. By the adoption of such a rule, manifest injustice may be done to the successful claimant. The improvements might be made and worn out in the use of the occupant, and be worthless to the successful claimant, and he, yet, be required to pay for them at their Value when fiew. 4 Littell, 372;
In ejectment,^the UiTvalu? of the improvements f of the rents, shall be pl’tfhave jndg’t fortheland — deft for the amount pfovéínents6 exceed the rent;— Singly?ntplaintiff should recover jectmrat°bntthe costs of the other should bedivided
The Circuit Court has erred in the adoption of this rule for the value of the improvements; and for this error, this case should be reversed.
But as this case will have to be returned to the Circuit Court, it is well to suggest another error to the prejudice of the appellee, for the correction of the Court.
Costs upon the whole case have been adjudged in favor 0f Washington.
* 1 • « . . , , this case so tar as the improvements and rents were concerned, was submitted to the Court upon an ’ .... agreed case, to be decided upon equitable principles; anc^ as much of the costs that have accrued, have been produced in the prosecution and defence of this branch ^ case — ^ parties having agreed that judgment should be entered for the land in favor of Washington, we deem it proper that Washington should have his costs in the Circuit Court in the ejectment, and that McGee and Washington should pay equally the costs incurred in the prosecution of their several claims for improvements and rents.
It is therefore considered that the judgment of the Circuit Court be reversed, and this cause be remanded to said Court, and vsuch steps taken as to cause said improvements to be valued and rents ascertained, according to the principles above settled, and that a judgment be rendered accordingly.