JudgíS Marshall
delivered the opinion of the Court.
In this case, the paper purporting to be a bill of ex^ ceptions-, setting out the evidence and proceedings on the trial, was not signed or sealed by the Judge, nor spread at large on the record; There is an entry uport the record, stating that “the defendant tendered a hill of exceptions, which being signed and sealed by the Court, is ordered to be filed and made a part of the record.” But the clerk, in reference to the paper copied as a bill of exceptions, states that from neglect, or some other cause, unknown to him, it was not signed by the Court. ■ And the question is made whether the paper copied into the transcript before us; is to be regarded as a bill of exceptions.
A bill of exceptions which is spread upon the order book of the Court, is entitled to full credit: Bardin, 166.-
The signature & seal of the Judge must appear to every bill of exceptions not spread upon th§ order book.
The object of a bill of exceptions is, to place upon the record matters which otherwise would not appear upon it. And when properly authenticated, it is entitled to the same faith as evidence of the facts which it states, as the1 regular entries upon the record or order book of the Court. When the bill of exceptions is actually spread at large upon the order book, it stands upon precisely the same footing, and is entitled to the same verity as the ether entries evidencing the acts and proceedings of the Court, and is, like the other entries, sufficiently authenticated by the signature of the Judge, made as usual at the end of the record of' each day’s proceedings: (Hardin’s■ Rep., 166.) The practice'of spreading the bill of exceptions at large upon the order book, if it ever prevailed extensively in this State, was doubtless found to be exceedingly inconvenient and bur-thensome,and is now generally if not universally omitted. But it was dispensed with, in virtue of a consent of parties that the bill need not be copied on the order book, but should be filed with the papers and made a part of the record, and copied into any transcript which should be made out, &c. This consent is sti.ll set out by some clerks in making up the order for filing the bill of exceptions. But as it has become a matter of course to file the bill without spreading its contents on the record, the consent that it shall be so filed is sometimes omitted in the order.
A proper bill of exceptions, being of equal dignity and verity with any other part of the record, must, unless actually spread upon the record, have some peculiar authentication to identify the instrument and verify its contents. The seal of the Judge, as is evident from ancient statutes and authorities on the subject, or his signature and seal, constituted the essential part of this authentication, which could not be dispensed with unless the bill was actually spread upon the record, in Washington vs McGee, (3 Dana, 446,) the Court, in noticing the objection that the bill of exceptions' was not sealed by the Judge,-say, “A seal is not necess.ary when* ’ *130 the bill of exceptions is spread upon the record, and made a part thereof, as in the present case.” And in Nancy vs Sneall, (6 Dana, 148-9,) where the exceptions were taken at the proper time, and drawn up, and signed and sealed by the Judge during the term, but not being then spread upon the record were entered at a subsequent term nunc pro tunc, this was deemed a full compliance with the statute of 1798. And the Court say, “If entered on the record at the time, the seal of the Judge is not necessary; if not entered on record, the seal is required, and is sufficient of itself to authenticate the exceptions.” In each of these cases, the objection was to the want of a seal, and it maybe inferred that in each case the bill of exceptions was signed by the Judge. In the present case there is neither signature nor seal. And if it could be assumed that in speaking of the bill being or not being spread upon the record, the Court referred merely to the existence or nonexistence of an order directing it to be filed and made a part of the record, still the cases do not intimate that such an order would be sufficient to identify and authenticate a paper without either seal or signature.
Though the re-eoid may state that a bill of exceptions was signed and sealed by the Judge, and made part of tho record yet if the signature and seal of the Judge be not in fact placed' to the paper, it cannot be regarded as part of the record.
If it be true as stated in the entry in this case, that a bill of exceptions was tendered and being signed and sealed by the Court, was ordered to be filed, &c„ the paper which has been copied does not answer the description, and is not identified, and therefore is not verified by the order. Being without signature or seal, it does not come up to the proper character of a bill of exceptions — us without the requisite evidence of its own verity and authenticity, and its title to credit rests solely upon the fact that it purports to be a bill of excep-ceptions in this case, and is copied and transmitted by the Clerk as the bill of exceptions referred to in the order, though it lacks the essential requisites of the instrument therein described. If absolute credence is to be given to the record entry that a bill of exceptions was signed and sealed, &c., then it is absolutely certain that the paper transcribed in the record before us,-is *131 not the bill of exceptions referred to ; and being without signature or seal or recognition by the Court, it has not the slightest claim to the character and credence of a record. It is notyier se a bill of exceptions, and it derives no aid from the record entry, because it varies most essentially from the instrument therein described. If then the entry of record is partly false, how far is it entitled to credit? If the Clerk made a false or mistaken entry upon the order book, how far shall his opinion that this paper is the bill of exceptions referred to, be relied on for its identification ? And is the paper to acquire the character and verity of a record from the opinion or statement of the Clerk contradicting the record itself?
This may be the real paper presented to the Court as a bill of exceptions, it may have been approved of by the Judge, and he and the counsel and the Clerk may have supposed it had been signed. But however we might be disposed to believe these facts, we are constrained to the conclusion that the paper can not be regarded as a bill of exceptions forming a part of the re-* cord. There is then no full record of the evidence and proceedings on the trial. And although there are two regular bills of exceptions presenting single points decided by the Court, they contain but a partial and limited statement of the evidence, not sufficient to show that the decisions complained of Were erroneous to the prejudice of the plaintiff in error, or at least not sufficient to show any error for which the judgment should be reversed. It is true the plaintiff was allowed notwithstanding the. objections of the defendant to read title papers, which being irrelevant in this action of forcible entry and detainer should have been rejected. But they were admitted under the express restriction that they were to be considered only in reference to, the question of boundary. And although most of them seem to have had’no application to that question as presented in this case, and may have been therefore a useless incumbrance upon the trial and on the record, we *132 cannot in the absence of the other evidence, say that. they misled the jury.
Monroe and Riley for appellant; Harlan for appel-lee.
Wherefore the judgment is affirmed. But in taxing the costs recovered in this Court, the Clerk is directed not to charge the plaintiff in error with the cost of copying the title papers read in evidence by the plaintiff below, except the deed from Welch to said plaintiff.