*Fisks,* for appellant.

*Boyd,* for appellee.

---

### M. M. MILLER *v.* W. K. HALL & WIFE.

Rents—Rescission of Purchase.
    Upon rescission of a contract of purchase of a house and lot, under a judicial sale, where the purchaser is put in possession, it is not error to charge rent upon same from the time of his entering into possession, where he is allowed for all improvements, interest on purchase money paid.

APPEAL FROM HICKMAN CIRCUIT COURT.

April 21, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

The estimate made by the commissioner and adopted by the court of the annual rents of the house and lot occupied by the

appellant of $220 per annum from the time he took possession as a purchaser, by substitution for Light, Burnet & Co. (deducting four months from the time the Confederate soldiers occupied the property), seems to have been in conformity with the evidence taken by the commissioner.

Adopting that estimate, and allowing the appellant $107 for improvements, and $702.50 with interest from the 3rd day of July, 1860, for money paid by him as purchaser, the account resulted in charging him with $1416 and crediting him by $1114, showing a balance against the appellant of $302, which the court ordered to be paid out of the money belonging to the appellant in the hands of its commissioner, and this appeal is from that judgment.

The main ground of complaint is that the adjustment of rents was made on an incorrect basis—that appellant having been permitted to take possession under his purchase and occupy the property for nearly three years as his own, even before an appeal was prosecuted from the judgment of sale, and it not having been decided till a still later period that he could not retain the property, it is contended that he should not have been made to account for rent till he was ordered to surrender the possession, and we are referred to the case of Washington against McGee (*3 Dana, 445*) as authoritative of this question.

That case, like that of *Ewings Heirs, &c. v. Mandleys Exors.*, to which the opinion refers, turned upon very peculiar circumstances, and equitable considerations, which do not, as we think, characterize this case. It is true the appellant entered into the possession as a purchaser, and paid part of the purchase money, and made some improvements on the property, but the judgment allows him credit by the money he so paid, with interest, and also the amount of the improvements, and we perceive no sufficient reason for exempting him from an accountability for rent while he had the use of the property.

Wherefore, the judgment is *affirmed.*

*Bullock,* for appellant.

*Lindsay, Crossland,* for appellees.