Robert Dedman, et al., *v.* Samuel B. Scarce.

Appeal—Bill of Exceptions.

> An unsigned bill of exceptions is of no force or effect, and cannot be considered by the court of appeals.

APPEAL FROM WOODFORD CIRCUIT COURT.

March 23, 1875.

Opinion by Judge Lindsay:

The paper copied into the record, and termed by the clerk the "Bill of Exceptions," lacks the signature of the judge who presided upon the trial of the action. In this condition it does not conform to the provisions of Sec. 367, Civil Code of Practice. The defect is one of substance, and not merely of form.

The order of court, showing that appellant tendered a bill of exceptions, which was signed by the court and ordered to be filed and made a part of the record herein, neither cures the defect, nor authorizes this court to treat the paper as a bill of exceptions. As was held in the case of *Allsup v. Hassett,* 12 B. Mon. 128, this paper, upon its face, lacks an essential requisite of the instrument described in the order, and if absolute credence is to be given to the record entry that the bill was signed by the judge, then it is certain the paper copied by the clerk is not the paper so signed, and ordered to be made a part of the record. It is useless to speculate as to the possibility of the name of the judge having been erased or obliterated. There has been no attempt made to supply a defaced or an obliterated record. There is no pretense that this paper is not now in the exact condition it was when ordered to be filed; and the extraneous evidence presented by appellants show that it is in exact condition.

If the order should be treated as a consent order that the paper should be revised by appellee's counsel, and afterwards signed by the

judge, it would avail nothing. This agreement was not complied with, and the courts have no power to compel appellee to comply with it.

In case of *Kelsoe v. Ellis,* 10 B. Mon. 36, the judgment was rendered on the last day of the term. The paper intended as a bill of exceptions, and which was by agreement left open for correction, was not intended to be made part of the record, by the mere signing and sealing by the judge. The order contemplated that the bill, when corrected, signed and sealed, should be recorded. The recording was to be the final test of the paper's verity. We may presume, that then, as now, the orders of the last day of the term stood over and were not signed, until the first day of the succeeding term. In such a case, a bill of exceptions, put as any other order, entered erroneously, or not reciting accurately the facts upon which the determination was based, might be corrected before being signed. The orders, including the corrected bill of exceptions, were signed, and this court declined to allow the verity of the bill to be impeached by affidavits presented here for the first time. When appellant made the alleged agreement with appellee, through his counsel, he placed himself at the mercy of his adversary. The moral obligation resting upon appellee to comply with the agreement, is a matter with which we have nothing to do. The courts cannot enforce it. The agreement cannot operate as an estoppel. An incomplete record cannot be perfected by and through an estoppel. The unsigned bill cannot be made part of the original record by the bill, reciting the facts transpiring at a subsequent term.

We are compelled to determine that there is no bill of exceptions in the record, and must, therefore, *affirm* the judgment of the circuit court.

*Turner & Huston, for appellants.*
*Porter & Wallace, for appellee.*