Chief Justice Robertson
delivered the Opinion of the Court.
Bell won from Parker, at cards, a horse, which was actually delivered to him. The horse, thus in the possession of Bell, was afterwards re-purchased by, and delivered to Parker; who thereupon executed his note to Bell, for seventy-five dollars, for the horse. The note, which fixes the date of the gaming, bears date in October, 1826* Judgment was rendered upon it, in May, 1828.
T . i V. i l-iii it does not appear that Parker was ever disturbed by any proceeding under the statutes against gaming, for the recovery of the horse or its value; andas, before the rendition of judgment, any such proceeding was barred by limitation, it is unnecessary to enquire whether the horse ever was liable to such proceeding, or what effect might have been produced upon the rights of the parties in this suit, if, when the complainant resorted to equity for relief, the horse had been actually recovered as a thing forfeited, or had been liable to be so recovered.
The only question to be considered is, whether the loser of property, who has actually paid the same to the winner, and afterwards regained the possession by a new contract of purchase, for a price to be paid in future, can be relieved in equity from the payment of this price, because of the illegality of the original consideration on which the property was delivered to the winner.
We think he cannot. If the winner had continued in possession of the property after it had been delivered to him in payment, the Chancellor would not, on the appeal of the loser, have decreed its restoration to him. The winner, on being paid, has a right to retain the *52 property or money, won, against the loser, as such, and therefore against every body, except one who sues for it at law, under the provisions of the statute. With such a right to retain and use the property, he has, of course, the right to sell; and as the vendee would hold the property by at least as firm a tenure as himself; the sale would form a sufficient consideration for the price agreed on. It would be a new contract upon sufficient consideration.
By the delivery of the property to the winner, in discharge of the gaming contract, that contract is executed, and its consideration merged, and as between the parties the right in the property is changed. The repurchase of the property by the loser, for a price to be paid, cannot so revive or renew the gaming contract, and in fact change it, that the price agreed to be paid for the property is to be taken as the thing actually lost, and as being therefore founded on a gaming consideration.
If, in this- ease, the price of the horse, and not the horse itself, was in truth the actual bet, and if the horse was nominally interposed as the bet, and colorably delivered as, the thing lost, as a device or pretext for evading the lay?, and giving validity to the note for the price, then the whole device would be disregarded, and the note would be considered as being given for money lost at the game. But the single fact, that the horse was sold and re-delivered to the loser, is not of itself sufficient to show that it was a mere device; and, in this case, there being neither allegation nor proof to that effect, we are not at liberty to presume it, against the fair import of such statements of the parties, as are, in chancery practice, to be taken as evidence.
It is, therefore, the opinion of the Court, that the note on which the judgment at law was obtained i$ not vitiated by the fact of its being given for a horse lost at cards, and paid, and re-purchased by the loser; that the complainant cannot, on that ground, be relieved from its payment; and that the Circuit Court erred in perpetually enjoining the judgment at law.
*53 This opinion is in accordance with the cases of Downes vs. Quarles, Litt. Sel. Cas. 489; and Greathouse vs. Throckmorton, 7 J. J. Mar. 16, heretofore decided by this Court.
Wherefore, the decree is reversed, and the cause remanded, that a decree may be entered dissolving the injunction, with damages, and dismissing the bill, with costs.