Chief Justice Marshall
delivered the opinion of the Court.
The first of these cases was an action of assumpsit, in which the jury having found for the defendant, a judgment was accordingly rendered in bar of the action. The only further evidence of the action of the Circuit Court, is presented by a statement of the Clerk, copy-, ing from his minute book a note of the trial and verdict, and of a bill of exceptions being filed by the plaintiff, which was not noticed on the record book. And to this statement is appended a bill of exceptions, as being the same referred to in the minute book. This bill of exceptions presents the question, which also arises in the second case, whether certain orders drawn by the defendant, directing the plaintiff to furnish store goods to the bearer, to the amount of a specified sum, and promising payment therefor, are covenants which prevented or merged the simple contract, which might otherwise have been implied, to pay for the goods furnished on the defendant’s request. We are of opinion, however, that the bill of exceptions is not sufficiently authenticated to be considered by this Court as a part of the record. It was not, in fact, made so by any order of the Circuit Court. That Court might, perhaps, amend its record by the minutes of the Clerk, but until this is done, this Court can neither do the same, nor give to the minutes and to the mere certificate of the Clerk that they are true, and that this is the bill of exceptions referred to therein, the same credit and verity *142 which it would give to the entries appearing upon the record, and verified by the signature of the Court. The danger which might result from our doing so, is too obvious to require specification. Wherefore, the judgment in the action of assumpsit is affirmed.
An order from one person to another to furnish goods of a certain value, containing an express promise to pay for them, is a covenant to pay that sum if the goods be furnished.
A third person ■who pays money or property at the request of one who ' lost it at unlawful gaming, is not estopped to recover the amount so paid from the person making the request, though he may know that it was so lost.
In the second case, we are of opinion that although a mere order to furnish goods of a certain value to a third person, might notbe regarded as a covenant,such an order with an express written promise to pay the drawee the sum specified, does amount to a covenant to pay that sum if the goods be furnished, and is placed, by the statute, upon the footing of a specialty, upon which covenant or debt could alone be maintained. We proceed, therefore, to notice the other questions arising upon pleas Nos. 3 and 4, and the replications thereto, no question being made as to pleas Nos. 1 and 2, which seem to have been adjudged bad on demurrer.
The third plea avers that the orders sued on were drawn for money lost at gaming, and in favor of the winner, of which the plaintiff had knowledge, and that before complying with them,'he was notified not to do so. The replication is, that after this notification the defendant requested the plaintiff to furnish the goods on the orders, and that he did it. This replication was adjudged insufficient on demurrer. And this judgment is attempted to be sustained upon the construction of the first and fourth sections of the act of 1833, (Stat, Law, 758-9,) and on the authority of the cases of Pope’s heirs vs McKinney, (3 B. Monroe, 93,) and Lyle vs Lindsey, (5 B. Monroe, 123.) But we find nothing, either in the statute or in the cases referred to, which establishes the principle, that if a third person who had no participation in the gaming, afterwards pays the winner, at the request of the loser, either with or without knowledge of the consideration moving the request,, he is precluded, by the unlawfulness of that consideration, from recovering against the loser what he has thus paid. It is from the winner, or from the person receiving payment, for the use of the winner, that the statute authorizes the loser to recover back what he *143 may have paid. And this Court, in Lyle vs Lindsey, said that, in paying a debt due from the winner, the loser was paying to his use, and that, as he might recover the amount after it was paid, he might, in equity, resist its payment, and enjoin the enforcement of a judgment for it. But in this case, the loser has not paid, and will not pay the plaintiff, as a creditor of the winner, or for his use, but as his own creditor. And he can no more resist the payment now demanded, than if he had, in his own person and on his own credit, purchased certain goods, or borrowed certain money, from the plaintiff for the purpose of paying a gaming debt, he could resist a demand of payment on the ground that his purpose was known to thejplaintiff. In such a case, where the gaming has already taken place, knowledge of the fact does not implicate third persons, as it would, in case of money loaned for the purpose of gaming. The plaintiff can, in no sense, be called particeps criminis, and we think his replication is a sufficient answer to the plea. This conclusion is sustained by the cases of Throckmorton vs Greathouse, (7 J. J. Marshall, 16,) and Bell vs Parker, (3 Dana, 51.) The Court, therefore, erred in sustaining the demurrer.
A deed voidable upon delivery may be subsequently confirmed.
The fourth plea alleges, in substance, that the orders were drawn while the defendant was non compos mentis in consequence of intoxication, produced by the artifice of the person in whose favor they were drawn, for the purpose of gaining an advantage, &c. To which the plaintiff replied, that when the orders were presented, the defendant was of sound mind, and then and after-wards requested the plaintiff to furnish the goods and receive the orders, which he did, &c.
As, upon the facts stated in the plea, the orders or covenants were voidable only, and not absolutely void, they were susceptible of confirmation. And as the replication shows confirmation after the disability was removed, it is sufficient. It does not, it is true, say that the defendant was perfectly sober when he directed these orders to be paid. But it says that he was then of sound mind, which meets the material point of the *144 plea. The demurrer to this replication should* there*; fore, have been overruled, instead of being sustained., Wherefore, the judgment in the case of the action of covenant is reversed and the cause remanded, with directions to overrule the demurrer to the replication to the third and fourth pleas, and for further proceedings.
Riley and Winter smith for plaintiff; J.fyW.L. Harlan for defendant.