Chief Justice Marshall
delis’erecl the opinion of the Court.
This action on the case was brought by Ellis, as surviving partner of the mercantile firm of Ellis & Gate-wood, to recover from Kelsoe, who had been employed as the clerk of said firm, a loss alleged to have been sustained by the plaintiff, as survivor, &c., in eonse? *37 quence of a false entry made in the account of the disbursemeni of a large sum of money deposited with said firm by B. Hurt, to be paid out to him, or on his verbal or written order. The false entry consisted in a charge against him of $200, as paid to Judge French or Mr. French, when such payment was not in fact made. The first count alleges that the defendant appropriated the money to his own use, and that Hurt afterwards recovered the said sum of $200 and costs against the plaintiff, as survivor, &c., in an action, at law, in the defence of which he incurred large costs and expenses, &c. The second count does not specify the entry complained of, but stating the duty of the clerk in taking care of the money, &c., and keeping the accounts, &c., alleges that he neglected his duty, and took such bad care, &c., and kept the accounts of disbursements, &c., so badly and incorrectly, that the plaintiff, as survivor, &c., was greatly injured by the improper charges and mode of keeping the accounts of said disbursements for Hurt, so that a large sum of money was wholly lost to him, together with a large amount of costs, &c. &c. A demurrer to the declaration was overruled and a trial had upon the plea- of not guilty, filed with the demurrer. A verdict for $200 was found in favor of the plaintiff, and the defendant’s motion for a new trial having been overruled, he seeks a reversal of the judgment against him by writ of error.
The .practice of signing b¡Fisa of vaeaüoíTnot apemut'of Appeals though the paragreemenuhat it no°Ul^l>nfMraess aPPeari“s-
The record shows that on the day on which the verdiet was rendered, which we suppose to have been the last day of the term, the defendant, by his attorney, filed his bill of exceptions herein, “and by consent of the parties, in Court, they are to be corrected and hereafter lodged with the Clerk of this Court, to be recorded, and are to have the same effect as though they were fully made out and signed at this term.” We understand from this entry that the bill of exceptions, then tendered, was imperfect and was to be perfected out of Court and after the expiration of the term. Which was no doubt done. And it is now contended that the paper purporting to be a bill of exceptions, not having *38 been made up in Court, nor even in term time, but having been, at least, completed and signed and sealed out of Court, and in vacation, should not be regarded as a judicial act, or as a part of the record of the case; and that there is consequently no bill of exceptions presenting a case for the revision of this Court. But however unanswerable these positions might be, if the proceeding objected to had not been sanctioned by the consent of the parties entered of record, and although we cannot approve, but are- disposed to discountenance the practice of making up the bill of exceptions and having'it made a part of the record in vacation, even under such a sanction; yet as without the consent given in this case, and which for all that appears may have been voluntarily tendered, the defendant’s counsel might, perhaps, have completed the bill of exceptions during the session of the Court, or if this could not be done, might, and doubtless would, have obtained leave to file it at the next term, it would be a palpable hardship and injustice now, when each of these alternatives is wholly out of his power, to deprive him of the benefit of that consent under which he has acted.
What might, or should be done by this Court, in case it were made to appear that the party to whom this privilege was accorded bad grossly abused it, by withholding from the other party a reasonable opportunity of inspecting and correcting the exceptions, and by procuring from the Judge, by imposition, his signature to a perverted statement of tne proceedings in the case, we need not say. Upon the affidavits and counter affidavits relating to this subject, as presented upon the motion to continue the cause in this Court, for the purpose of attempting to have the bill of exceptions corrected in the Circuit Court at its next term, we did not perceive any evidence of unfairness on the part of the counsel w!ho drew the bill of exceptions, either towards the opposite counsel or towards the Judge, whose signature and seal, at three different places, stating exceptioiis taken to his opinions, in different stages of the case authorized the presumption that hehad duly inspect *39 ed and considered the instrument, and that in his opinion it was substantially correct. And as there was no prospect of an alteration of the bill of exceptions by consent, and no apparent ground for any coercive action of the Circuit Court upon the subject, nor any probability that he would even deem any substantial alteration necessary to the justice of the case; and as moreover we wrere satisfied upon inspection of the record, that although the evidence may not have been stated as fully or as decisively in favor of the plaintiff as if it had been written out by one who was not concerned in the case, it was yet sufficient to authorize the verdict, if the instructions were correct; and that even if stated as the counsel for the plaintiff desired, it would not have cured any error in the instructions, which we must assume to have been correctly stated, there seemed to be no plausible motive for continuing the cause, and no valid objection to a decision of it upon the record as now presented. We proceed, therefore, to a brief statement and consideration of the instructions given on motion of the plaintiff.
These were, 1st, “that if the jury believe from the evidence that the money was paid out of the store by the defendant and not to Judge French, then the law was for the plaintiff, and they must find for him;” and 2d, “if they believed the money was paid to B. Hurt or some one else, and the entry was made so negligent as that the plaintiff must be the loser, then they must find for the plaintiff.”
The first of these instructions makes the defendant liable for a mere error in the name of the person who received the money, although it may have been properly paid out and the plaintiff may have received the benefit of the payment, which is clearly erroneous. The second instruction supposes that the money may have been paid out by the plaintiff himself, or some one else, and not by the defendant; and it is not sufficiently explicit in stating that in such case the liability of the clerk depends upon his having, through mere negli *40 gence, entered incorrectly a fact -which was correctly communicated 10 him.
The insiruciious being erroneous, tbe vcidict set aside and nen trial granted
Daniel, Farrow, and Robinson fy Johnson for plaintiff? Apperson for defendant.
For these errors in the instructions, the judgment must be reversed. And we only remark further in rfcfer- . ‘ . ence to an error committed against the plamtift, that aithough the record of the suit of Hurt against, him was not admissible to prove that the clerk, the defendant in this action, was liable, it was admissible to prove that a judgment was obtained by blurt against the plaintiff for the money stated in the entry, now in question, to have been paid for him to Judge or Mr. French.
For the error in the instructions above noticed, the judgment is reversed and the cause remanded for a new trial in conformity with this opinion.