CASE 64—PETITION ORDINARY—OCTOBER 4.

2me297
f102 103

2me297
137 817

# Allard vs. Smith.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. The rule of practice which required bills of exceptions to be filed in term time has not been changed by the Code.

2. An order was made allowing forty days to prepare a bill of exceptions containing a statement of the evidence, to which both parties excepted. The bill was made out, signed by the judge and filed, in vacation, the clerk certifying that *the parties filed it* in his office. *Held*—That it forms no part of the record.

3. In an action to recover damages for an alleged breach of an agreement to marry, an instruction that if the jury believed the plaintiff ought to recover, but disagreed as to the amount, " they have the right, each one, to set down the sum he believes ought to be recovered by the plaintiff, and add them all together, then divide the sum total by the number 12, and find that amount, 12th part, in damages, if they think proper to do so," is erroneous.

4. An instruction to the jury that every material allegation in plaintiff's petition, not denied by the answer, must, for the purposes of the action, be taken as true, is improper and erroneous. (1 *Met. Ky. Rep.*, 570.)

5. Mutuality of obligation is essential to a contract to marry.

6. Where the plaintiff was induced by the false statements of a third person to write a letter to the defendant discarding him, and releasing him from his engagement and promise to marry her, which letter was received and in good faith acted upon by him, he having had no participation in or knowledge of its fraudulent procurement from her, she cannot recover in an action for an alleged breach of such promise.

J. W. CROCKETT and L. D. HUSBANDS, for appellant, cited *Kelsoe vs. Ellis*, 10 *B. Mon.*

JAMES HARLAN, for appellee, cited 3 *Marshall*, 360; 17 *B. Mon.*, 608; *act of March* 5, 1856, *Sess Acts* 1855–6, *page* 59; 3 *Dana*, 446; 6 *Dana*, 149; 12 *B. Mon.*, 128; *Porter vs. January*, *MS. opin. July*, 1856; *Reuben vs. Robinson, MS. opin. June*, 1857.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Rosetta A. Smith brought this action against Allard, to recover damages for an alleged breach of an agreement to marry.

A verdict and judgment having been rendered in favor of the plaintiff for two thousand dollars, and the motion of the defendant for a new trial having been overruled, he has appealed to this court.

Allard vs. Smith.

Two principal questions are presented for our consideration :

*First.* Whether the bill of exceptions, purporting to contain a statement of the evidence given upon the trial, is to be considered as constituting a part of the record ; and,

*Secondly.* Whether the court erred to the prejudice of the defendant in the instructions given to the jury.

1. It appears from the record that the action was tried at the May term, 1858, of the McCracken circuit court, and that the defendant's motion for a new trial was continued until the succeeding November term. On the 2d day of November, 1858, the motion was overruled, and the defendant prayed an appeal, and the court allowed forty days for the parties " to write out and prepare the testimony."

On the 5th of the same month this order was made : " The parties appeared by their attorneys, and the defendant excepts to the opinion of the court overruling the motion for a new trial, and also to the giving of forty days to spread the evidence. The plaintiff excepts to the giving of forty days to spread the evidence."

Immediately following this order, there appears in the transcript before us a statement or certificate of the clerk, in these words :

" On the 25th of November, 1858, the parties filed in the clerk's office the following statement of evidence." Then follows what purports to be a statement of the evidence, signed by " W. G. Fowler, judge *pro tem.* McCracken circuit court, November 24, 1858."

We do not understand the counsel for the appellant as attempting to sustain the action of the circuit court in allowing the forty days for the making up and filing a bill of exceptions. That this order was unauthorized by law, and that a bill of exceptions allowed and signed by the judge in vacation, though copied into the transcript, will not be considered by this court, has been conclusively and repeatedly decided. (*Biggs vs. McIlvaine's executrix*, 3 *Marsh.*, 36.) ; *Freeman vs. Brenham, &c.*, 17 *B. Mon.*, 607.) In the latter case it was held that section 364 of the Civil Code, which authorizes the court to give the party time to reduce his exceptions to writing, but not beyond

the succeeding term, cannot be so construed as to allow bills of exceptions to be made up and filed in vacation, and that, consequently, the rule of practice which required bills of exceptions to be filed in term time, has not been changed by the Code.

But it is insisted that both parties agreed and consented that the statement of the evidence in question should be filed in vacation, and should be considered and treated as part of the record, and that the rule which tolerates such a practice was recognized in the case of *Kelsoe vs. Ellis*, 10 *B. Mon.*, 38. In that case, however, it appears that the bill of exceptions was filed in court, " and by consent of the parties, *in court*, they are to be corrected, and hereafter lodged with the clerk of this court, to be recorded, and are to have the same effect as though they were fully made out and signed at this term." And this court gave effect to the agreement thus solemnly entered of record, not without reluctance, and expressing disapprobation of the practice of making up the bill of exceptions, and having it made part of the record in vacation, even under such a sanction.

But was there any such consent or agreement by the parties in this case? It has been already shown that both parties excepted to the order allowing the time fixed by the court, and the record fails to exhibit any legitimate evidence that the parties or either of them subsequently sanctioned the order, or that they agreed or consented to any thing done in pursuance of it.

The statement or certificate of the clerk before noticed, to the effect that in vacation, " on the 25th of November, 1858, the parties filed in the clerk's office the following statement of evidence," amounts to nothing, and proves nothing. The matter to which the certificate relates was an act of the parties *in pais*, and the certificate of the clerk is no more to be regarded as evidence of the fact stated in it, than it would have been if the fact had had no connection with this or any other proceeding pending in court. To hold the parties bound by an agreement of this sort, made out of court and evidenced only by an unofficial, unauthorized statement of a ministerial officer of

the court, would be to introduce a novel and rather hazardous rule in judicial proceedings.

For these reasons it is clear that the bill of exceptions, so far as it purports to set forth a statement of the evidence in the case, forms no part of the record, and cannot be considered by this court as entitled to any effect, for any purpose.

2. In regard to the second point, we remark that the record contains a bill of exceptions, properly allowed and certified, and which sets out the instructions given and refused by the court. The propriety of many of the instructions depends altogether upon the evidence which may have been before the jury ; and as the evidence is not before us, the questions arising upon such instructions cannot be passed upon.

But some of the instructions given by the court are of such a character as to authorize this court to pronounce upon the questions they present, notwithstanding the exclusion of the evidence.

By an instruction given at the instance of the appellee, marked No. 7, the jury were told that if they believed the plaintiff ought to recover, but disagreed as to the amount, "they have the right, each one, to set down the sum he believes ought to be recovered by the plaintiff, and add them all together, then divide the sum total by the number 12, and find that amount, 12th part, in damages, if they think proper to do so."

Cases are to be found in which this court has refused to set aside a verdict merely upon the ground that it was made up by a process similar to that indicated in the instruction. But it is shown in all these cases that the motion for a new trial was founded upon and sustained alone by the affidavits of some of the jurors. And it is a well established rule, that the affidavit of jurors cannot be received to prove misbehavior in themselves or their fellow-jurors, as a ground for impeaching their verdict.

But, although the court might be justified in refusing to set aside a verdict made up in the mode alluded to, it does not follow that the court would be authorized to prescribe such mode by an instruction such as appears to have been given in this case. The dangerous tendencies of such a practice, and the

facilities it would afford for the commission of fraud, chicanery, and trick, by an adroit and cunning juror, upon his more honest and confiding fellows, furnish conclusive reasons against the toleration of such a practice. In the instruction before us, the jury are told that " they have a right, each one, to set down the sum *he believes* ought to be recovered by the plaintiff," leaving the jurors unrestricted as to the amount they may so set down, even by the sum claimed in the petition.

For these reasons, and others which might be suggested, this instruction is deemed fatally erroneous.

In the ninth instruction the jury are told that every material allegation in plaintiff's petition, not denied by the answer, must, for the purposes of the action, be taken as true. The objection to this instruction is sustained by the case of *Tipton vs. Triplett*, (1 *Met. Ky. Rep.*, 570.)

Upon the facts hypothecated in the instruction marked No. 4, which was also given at the instance of the appellee, that instruction must also be pronounced erroneous. If, as assumed in this instruction, the appellee was induced, by the false statements of a third person, to write a letter to the appellant, discarding him, and releasing him from his engagement and promise to marry her, which letter was received and in good faith acted upon by the appellant, he having had no participation in, or knowledge of, its fraudulent procurement from the appellee, the jury should have been instructed to find for the appellant. The facts referred to certainly constituted a valid defense to the action. Mutuality of obligation is essential to every contract, and there is certainly nothing in the peculiar nature of a contract to marry which should exempt it from the operation of this general rule.

For the errors mentioned the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with the principles of this opinion.