JOHN SPALDING *v.* JAMES EDMONSON.

New Trial—Misconduct of Jury—Affidavit of Jurors.
  The affidavit of jurors cannot be received to prove misbehaior in their fellow jurors for the purpose of impeaching their verdict.

Same—Process of Arriving at Verdict.
  A judgment will not be set aside, and reversed where a jury had arrived at a verdict, by dividing the amount that each one honestly thought the plaintiff in an action ought to recover, by 12 after the respective amounts had been aggregated, and making one-twelfth thereof their verdict.

APPEAL FROM MARION CIRCUIT COURT.

June 22, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence in this case utterly fails to show that at the time of speaking the words complained of, that appellant accompanied them by a statement of such facts, and circumstances as showed that the offense charged by him to have been committed by appellee could not have been a felony. But the witnesses prove the speaking of the words, without any such explanatory facts or circumstances whatever, and as proved they were actionable.

As to the refusal of the court to set aside the verdict on account of the alleged misconduct of the jury, in the case of *Allard vs. Smith, 2 Met., 297,* this court has again sanctioned the well established rule, that the affidavit of jurors cannot be received to prove misbehavior in their fellow jurors as a ground for impeaching their verdict. Besides, the court gave no instruction to the jury as to the process by which they were to come to an agreement as to what should be their verdict. In the case above named where the court below instructed the jury that they had the right, each one, to set down the sum he believes ought to be recovered by the plaintiff, and add the sum together, then divide the sum total by the number 12, and find the amount a twelfth part in damages if they think proper to do. This court reversed the judgment in

that case on account of that instruction which is disapproved; on account of the dangerous tendencies of such a practice, and the facilities it would offer for the commission of fraud. and chicanery. But no case is remembered by this court, and it has been referred to none, in which a verdict has been set aside, and judgment reversed where a jury has arrived at a verdict, by dividing the amount that each one honestly thought the plaintiff in an action ought to recover by 12 after the respective amounts had been aggregated, and making the one-twelfth thereof the verdict. And if the fact was properly ascertained that the jury reached their verdict in that way in this case, without some evidence of fraud, trick or imposition on the part of some of the jury, this court would not feel authorized to interpose, and set aside the verdict, and order a new trial.

Perceiving no error, therefore, in the ruling of the court below the judgment must be *affirmed*.

*Russell & A., for appellant.*

*Belden, for appellee.*