*J. I. Galladay, John M. Porter, for appellees.*

---

Albert Bush *v.* Commonwealth.

**Bill of Exceptions.**

A bill of exceptions signed by the judge of the court, but which was not filed in the court below within the time allowed for its filing, or not filed at all, does not become a part of the record and cannot be considered by the court of appeals.

APPEAL FROM HART CRIMINAL COURT.

October 24, 1879.

Opinion by Judge Cofer:

At the last August term of the Hart Criminal Court the appellant was convicted of the murder of Philip Richardson, and sentenced to confinement in the penitentiary for life. His motion for a new trial

was overruled, and he has appealed to this court, but we cannot consider the errors alleged.

The judgment was rendered August 9, and on his motion thirty days were allowed him to prepare and file his bill of exceptions. There is copied into the record what purports to be a bill of exceptions, and to be signed by the judge of the court, but it seems not to have been filed in court. This statement of the clerk appears in the transcript immediately following the order giving time to prepare and file a bill of exceptions: "The bill of exceptions referred to in the foregoing judgment, and filed in office August 15, 1879, reads in words and figures, as follows, to wit:  *  *  *"  This shows that the bill of exceptions was never filed in court, and this court will take judicial notice of the fact that the Hart Criminal Court was not then in session.

The statute required the Metcalfe Court in the same district and presided over by the same judge to convene on the second Monday, which was the 11th day of August.

Sec. 282, of the Criminal Code, provides that exceptions shall be shown upon the record by bill of exceptions, prepared and signed as provided in the Code of Practice in Civil Cases.  And Sec. 334, of the Civil Code, provides that the party objecting to a decision must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court, and Subsec. 7, of Sec. 337, provides that the bill of exceptions shall be signed by the judge and shall be filed, but not spread at large on the order book.

This contemplates that the filing of the bill of exceptions shall be noted on the record of the court, and such has been the uniform and long-established practice, and a bill of exceptions not so noted is not a part of the record and cannot be considered by this court. *English v. Young,* 10 B. Mon. 141; *Corley's Ex'r v. Evans and Wife,* 4 Bush 409; *Biggs v. M'Ilvain's Ex'x,* 3 A. K. Marsh, 360; *Freeman v. Brenham,* 17 B. Mon. 603; *Allard v. Smith,* 2 Met. 297; *Vandever v. Griffith,* 2 Met. 425.

Wherefore the judgment must be *affirmed.*

*Woodson & Wiley, S. M. Taylor, for appellant.*

*Hardin, for appellee.*