## Green v. Blankenship et al. (two cases)

(Decided March 3, 1936.)

C. R. LUKER for appellant.

WM. LEWIS and RAY C. LEWIS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

In October, 1932, John Green instituted equitable action No. 4185 in the Laurel circuit court against Effie Green Blankenship and Clyde Blankenship, her husband, alleging that he had the legal title to, and was in actual possession of, a tract of land in Laurel county made up of three boundaries which are fully described in the petition; that defendants were setting up claim

to the land adverse and hostile to plaintiff's right and title and claiming to be the owners thereof, but their claims were unfounded and were a cloud upon plaintiff's title. He further alleged that on the 19th day of November, 1924, the defendants executed, signed, and delivered to him a deed for the land described in the petition, but that they failed to acknowledge same; that since that date and on divers occasions they had promised to acknowledge the deed, but had failed and refused to do so.

He prayed that his title to the land be quieted and defendants be required by proper orders to acknowledge the deed or that the master commissioner of the court be directed to make him a deed to the property. What purported to be an attested copy of the original deed was referred to, made a part of the petition, and filed as an exhibit.

Defendants interposed a general demurrer to the petition, and, without waiving same, filed answer consisting of a general denial of the allegations of the petition, and in a second paragraph pleaded that Effie Green Blankenship was the owner and entitled to the possession of the land described in the petition; that plaintiff many years ago sold and conveyed the land to her for a valuable consideration, and, since the payment of such consideration, she had been the owner in fee simple thereof; that plaintiff's claim of title was casting a cloud upon her title and ownership.

They prayed that the petition be dismissed and that Effie Green Blankenship be adjudged the owner of the land and her title be quieted against the claim of plaintiff. The issues were completed by a reply denying the affirmative allegations of the answer.

Before filing answer, defendants entered a motion to require plaintiff to file the original deed referred to in the petition, but, so far as the record discloses, this motion was never passed upon. After the reply was filed, no further steps were taken except orders passing the case until November 18, 1933, when the regular term of the Laurel circuit court was by order "extended for 30 more juridical days beginning November 20 and extending to and including the 23rd day of December, 1933, for the trial of any and all cases and the transacting of any other business that might come before the court."

On December 18, 1933, the following order was entered: "On motion of defendants, this cause is now submitted for judgment." On December 30, 1933, judgment was entered dismissing plaintiff's petition and striking the case from the docket, and on January 1, 1934, plaintiff filed motion and grounds for new trial, but, so far as appears from the record this motion was not passed upon. Plaintiff is appealing.

In January, 1934, John Green filed another equitable action, No. 4342, against the same parties asking that the judgment in the former action be set aside and that he be granted a new trial and an opportunity to prepare and present the case for trial. In his petition he set forth at length grounds on which the relief was sought and issues were joined by answer and reply, but it will be unnecessary to enter into a discussion of the pleadings. Evidence was heard, much of which goes to the merits of the former action, and on final hearing it was adjudged that plaintiff was not entitled to the relief sought and that the petition be dismissed, and he is likewise appealing from that judgment. Upon proper motion the appeals have been consolidated, have been heard together, and will be disposed of in one opinion.

The evidence in action 4342 took a very wide range, and, as already indicated, much of it apparently goes to the merits of the former action, and is not pertinent so far as the relief sought is concerned, since only the right to have the judgment in the former action vacated and to have the case heard on its merits is involved. Much of the evidence related to the genuineness of the signatures to the deed referred to in the original action, and checks, contracts, and other documents bearing the signature of appellee were introduced for comparison of handwriting without seeming regard to, or compliance with, section 1649, Kentucky Statutes, with respect to the notice that shall be given as a condition precedent to the introduction of such writings for comparison. According to the record in the ogirinal action, the October term of the Laurel circuit court was by proper order extended only to and including December 23, 1933, and the judgment was entered December 30, and after the statutory term of the court as extended had expired. As is shown by the record, this was done without the consent or agreement of appel-

lant and without notice as is required by section 964b-1, Kentucky Statutes (Baldwin's 1933 Supplement). The judgment therefore was and is void.

While it is apparent that the later suit was intended as an action for a new trial under section 518 of the Civil Code of Practice, it may and will be treated as a motion to set aside the judgment in the original action as void as provided in section 763 of the Civil Code of Practice. See Lamereaux et al. v. Dixie Motor Co. and (Mrs. C. S. Lamereaux v. Dixie Motor Co.), 263 Ky. 67, 91 S. W. (2d) 996, appealed from the Laurel circuit court and this day decided and authorities therein cited.

Since the judgment in the original action is void, appellant was entitled to have same set aside and to be permitted to prepare and have the action heard on its merits.

Wherefore the judgment is reversed in each case, with directions to enter judgment in conformity with this opinion.