## Shepherd v. Commonwealth.

(Decided May 12, 1936.)

236

C. B. SPICER for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

Opinion of the Court by Creal, Commissioner— Reversing.

Under an indictment charging him with the murder of George Lee, George Shepherd has been found guilty of voluntary manslaughter and his punishment fixed at imprisonment for 10 years.

By this appeal he is seeking a reversal of the lower court's judgment on a number of grounds, among which are (1) that the court erred in overruling his motion for new trial after the term of court at which he was tried had expired, and (2) in not considering his supplemental motion and grounds for new trial filed on the day the original motion for new trial was overruled.

The indictment charges that George Lee died as the result of wounds and injuries sustained when he was struck by an automobile driven by appellant. According to the record, and as shown by the evidence for the commonwealth, there were only three eyewitnesses to the accident other than appellant. Their evidence is to the effect that Lee was struck by a truck driven by appellant. Charlie Pittman, one of these witnesses, claims to have been riding in the truck at the time, and Ward Lankford and John Creech, the other witnesses, testified that they were standing near Lee when he was struck. Their evidence makes out a strong case for the commonwealth. Without detailing the evidence, it is sufficient to say that it is quite apparent the verdict was based on the evidence of these three witnesses.

The evidence for the commonwealth conduces to show that the accident occurred about 5:30 p. m. Appellant testified that he was engaged in his duties as clerk in the store of the Elcomb Coal Company all

day and until some hours after the accident is shown to have occurred; that the truck which it is claimed by the commonwealth' he was driving had been sent to Virginia that day to move a family to Elcomb and did not return until after dark, and, after being unloaded, was placed in a garage. In these statements he is corroborated by a number of witnesses. There is also some evidence tending in a measure to indicate that deceased was not struck by a truck, but by another type of vehicle. The foregoing is sufficient. to demonstrate the important part the evidence of Pittman, Lankford, and Creech must have played in the trial of the case.

The original motion and grounds for new trial were filed during the term of court at which appellant was tried, but as appears from the orders of the court and otherwise in the record, the court. not having time to consider authorities cited by the respective parties, did not pass on the motion before final adjournment on December 21. Before this date, a special term of court had been called for December 30, but this case was not included in the call. On convening in special session on the latter date, the court handed to the clerk an order overruling the motion and grounds for new trial which the clerk immediately entered, and thereafter, but on the same day, appellant filed supplemental motion for new trial on the grounds of newly discovered evidence, and in support thereof filed affidavits of the witnesses which tended to establish that Ward Lankford was not present at the time deceased received his injuries, but was elsewhere. He also filed the affidavits of Lankford, Creech, and Pittman. The affidavits of Lankford and Creech are practically the same and are to the effect that prior to the trial, Pittman approached them, stating that B. M. Lee, father of deceased, had offered a reward of $200 for the conviction of the party who killed George Lee; that if they would testify as they later did on trial, that 'they saw appellant strike Lee with the truck, he would get them a portion of the reward; that all the statements they made about Shepherd killing Lee were false and untrue and they did not see Shepherd on that night at all and knew nothing whatever about the case but stated that what they did was for the sole purpose of receiving a portion of the reward. Pittman's affidavit

is to the effect that he was prompted to testify as he did against Shepherd because he was insanely mad at him and was seeking revenge; that he was at Elcomb on the evening of December 24 but was not in the truck with George Shepherd that night; that the truck which it is claimed Shepherd was driving had gone to Virginia that day for a load of household goods and did not get back until late that night, and that he knew nothing at all about Shepherd killing Lee.

Among counter affidavits filed by the commonwealth is one made by each of these witnesses in which they retract statements made in their affidavits filed with appellant's supplemental motion and grounds for new trial, and state in effect that such affidavits were procured through improper influence, while they were drunk, and that their statements at the trial were true.

In disposing of the supplemental motion and grounds for new trial and the motion thereafter made to set aside the order overruling the original motion and grounds for new trial on the ground that notice was not given to the respective parties when the order was entered, it is said in the order:

"The court has given very careful consideration to the supplemental motion and affidavits of the manifest corruption of the witnesses who have made these affidavits, but he believes that he is without power to act. At this time, after this supplemental motion has been filed with all the affidavits on both sides, the Court finds himself in a position where he does not know what is the truth except that he is satisfied that part of these witnesses who testified in the original trial are thoroughly dishonorable."

It was the theory of the court that because the order overruling the motion and grounds for new trial had been entered before these subsequent motions were filed, the court lost control of the case and was without jurisdiction to hear and consider them. Unquestionably that would be true if the original motion and grounds for new trial had been passed upon and the order overruling same had been entered during the regular term of court.

Under section 273 of the Criminal Code of Prac-

tice application for a new trial must be made at the term at which the verdict is rendered unless the judgment is postponed to another term in which event it may be made at any time before judgment.

In Commonwealth v. Brogan, 163 Ky. 748, 174 S. W. 473, 474, it was held that where a judgment was not postponed beyond the term at which the verdict was rendered, additional grounds for new trial cannot be considered at a subsequent term, and that rule has been consistently followed. It was indicated in the opinion, however, that additional grounds may as a matter of right be filed at any time during the term at which the verdict is rendered before the motion has finally been disposed of, but in no event unless the judgment be postponed as provided in section 273 may such additional grounds be filed after the term at which the verdict is rendered.

In Commonwealth v. Neal, 223 Ky. 665, 4 S. W. (2d) 685, 686, it is said:

"Not only has the trial court control of its judgments during the trial term, but the motion for a new trial suspends the judgment until the motion is acted on."

And in Commonwealth v. Wilson, 215 Ky. 743, 286 S. W. 1065, it is held that so long as the motion for new trial is pending and undisposed of, additional grounds may be filed.

It is our conclusion that the failure to pass upon the motion and grounds for new trial before the term ended had the effect of continuing the case to the next regular term or to a special term at which it might be properly heard and thereafter postponed the judgment until motion for new trial had been acted upon at a subsequent term of court at which the case stood for hearing. It has been a practice in some courts to sign orders after the expiration of the term and to enter orders in conformity with rulings of the court during the term; however, this practice has resulted in much confusion and has often been criticized by this court. But in this instance, as already indicated, the court did not pass upon the motion until after the expiration of the term at which the verdict was rendered. The order was therefore entered during

vacation and not in conformity with section 964b-1, Kentucky Statutes (1933 Supplement) and was therefore void. Lamereaux v. Dixie Motor Co., 263 Ky. 67, 91 S. W. (2d) 993; Green v. Blankenship, 263 Ky. 29, 91 S. W. (2d) 996.

In the circumstances it would be improper to determine other questions, and they are specifically reserved. However, in view of the fact that the motion for new trial may be sustained, we do not deem it inappropriate to say that an instruction on assault and battery should not have been given, since other instructions submitted the issues made by pleading and proof.

For the reasons indicated, the order of the lower court overruling the motion and grounds for new trial is reversed, and cause remanded, with directions to the lower court to consider and pass upon the original and supplemental or additional motion and grounds for new trial in conformity with this opinion.