## Middleton v. Lewis, County Treasurer, et al.
(Decided June 19, 1936.)

C. B. SPICER and D. A. McCANDLESS for appellant.
E. H. JOHNSON and J. C. BAKER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Clarence Middleton filed this action against W. W. Lewis, treasurer of Harlan county, to compel him by appropriate orders to pay him a county warrant for $4,232.45 with interest from the 5th day of April, 1934, until paid.

S. M. Ball filed an intervening petition, which was taken as a counterclaim against Middleton and as a cross-petition against Lewis, treasurer of Harlan county. By appropriate allegations therein he asserted ownership of the county warrant. Middleton traversed the same. An issue was thus joined between them as to the ownership of the warrant, and the county treasurer practically went out of the case.

On a trial by the court without the intervention of a jury, Ball was adjudged to be the owner of the warrant, and, further, that he recover of Middleton the interest which he had collected thereon.

We are confronted with a question of practice materially affecting the validity of the court's judgment. It must be determined according to the records of the trial court. Its order shows that "this case was tried in open court and the evidence introduced, and taken down by the court's reporter, after which it was briefed at length by counsel on both sides. At the close of the hearing the court took the record home with him and asked the clerk to leave the orders open until the judgment could be prepared and entered. The judgment was accordingly prepared in the office of the court in Pineville, and thereafter the same was transmitted to the clerk, who entered the same on his order book, and after the same was entered the clerk brought the order book, with the judgment entered thereon, to the judge's office in Pineville, where he signed the order. This order was entered as of October 31st, but as a matter of fact the judgment was not signed by the judge of the court until November 12th, 1934. It was well known by counsel on both sides, * * * that the court was going to take the record home and write up the judgment. It was done and entered as the court has set out above. * * * It is agreed between the parties that supersedas bond, dated the 13th day of Novem-

ber, 1935, * * * was made the day after the judgment was entered of record on November 12th. * * * The court order book shows the judgment was entered as of October 31st, 1935.''

On the 6th day of February, 1936, at the February term of the Harlan circuit court, Middleton offered to file a motion to set aside the judgment entered as above stated, on the ground it was ''a vacation judgment.'' The court overruled his motion to which he objected, and upon his objection being overruled, he saved an exception.

As a part of the order overruling the motion to set aside the judgment, the court permitted him to file a bill of evidence, nunc pro tunc, as of the 26th day of November, 1935. The record containing this order of the court as it is presented to us is followed by a statement of S. M. Ball, assailing the verity of the court's order. His statement was not made a part of the record by an order of the court, nor otherwise identified or authenticated. It is obvious that it is insufficient to impeach or in any manner effect the validity of the court's order.

The satutory terms of the Harlan circuit court are, in part, ''the first Monday in October, twenty-four (24) juridicial days,'' and ''the fourth Monday in November, twenty-four (24) juridicial days.'' Thus it appears that from the first day of November to the fourth Monday in November, 1935, the Harlan circuit court was not in session.

The court's order shows the judgment herein was ''entered in vacation'' by the clerk on November 12, 1934, in the absence, and without the knowledge, of Middleton and his counsel, and later signed by the judge.

A similar situation was shown by the record in Beliles et al. v. Whittaker, 199 Ky. 431, 251 S. W. 190, 192, of which we said:

''It is argued by appellant that the judgment was not made or entered in a regular or special term of court, but in vacation, and this contention is supported by the order of the court. * * * This court takes judicial knowledge of the terms of the circuit courts. It was not entered as a nunc pro

tunc order. The judgment was not only made out of term time, but likewise entered in vacation. Such order was a nullity, and upon the filing of the mandate the trial court will set it aside and grant a new trial."

A like situation was presented in Lamereaux v. Dixie Motor Co., 263 Ky. 67, 91 S. W. (2d) 993, Green v. Blankenship, 263 Ky. 29, 91 S. W. (2d) 996, and in Shepherd v. Commonwealth, 263 Ky. ——, 94 S. W. (2d) 606.

As we have indicated above, Middleton entered a motion to set aside the judgment, because it was entered in vacation in the absence of himself and counsel, and without notice to either of them. According to the rule approved in the above cases, it is patent the court improperly overruled the motion to set aside its judgment, and Middleton, saving an exception thereto, preserves in this court his right to urge the invalidity of the judgment. Section 763, Civil Code of Practice.

Wherefore, the judgment is reversed, with directions to set it aside and grant a new trial, and for proceedings consistent with this opinion.