## Carter et al. v. Templeman et al.

June 23, 1944.

Haynes Carter and Floyd K. Hollan for appellants.

Faurest & Faurest for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

This case was tried by the Court on oral testimony and judgment entered October 25, 1943. The motion for new trial was filed October 27, and was overruled November 1, 1943. In the order overruling the motion, the defendants were given until the sixth day of the next term of Court to prepare and file their bill of exceptions and transcript of evidence; that day being March 11, 1944. On December 17, 1943, while the Court was in vacation, a bill of exceptions containing the transcript of evidence was presented to the trial judge without notice to the plaintiffs, who are the appellees on this appeal. The judge made the following endorsement on the bill;

"Then came the defendants and tendered this, their bill of exceptions, which being examined, is approved by the Judge and made a part of the record in this case without being spread on the order book."

The bill was not filed in the clerk's office until after the appeal had been perfected and the time for filing the bill had expired. No order filing the bill was ever entered. On the twenty-eighth day of April, 1944, the defendants moved the court to enter an order nunc pro

tunc filing the bill of exceptions and transcript of evidence on that day, as of the seventeenth day of December, 1943. The motion was overruled. Appellees' motion in this court to strike from the record the papers purporting to be a bill of exceptions and stenographer's transcript of evidence was passed to the merits of the case, and is the first question confronting us on the appeal.

Previous to the passage of the Practice Act in 1928, which, as amended by the General Assembly in the year 1930, is compiled in KRS 23.150, a bill of exceptions could not be signed or made part of the record by the judge in vacation although an order be entered purporting to allow it to be done, unless such order was entered of record by consent of the parties. Newman's Pleading, Practice and Forms, 3rd Edition, Vol. 2, p. 1486; Beattyville & Cumberland Gap Railroad Co. v. Plummer, Ky., 52 S. W. 948, and other cases cited in the Kentucky Digest under Exceptions, Bill of, key 36 (2). Even the entry of such an order by consent of the parties was criticized by this court in Kelsoe v. Ellis, 10 B. Mon. 36, 38. KRS 23.150 provides that the judge of a circuit court may make or direct in vacation, at any place in the district, any order, rule, judgment, or decree in any proceeding, upon reasonable notice to the parties. This section of the Statutes is sufficiently broad to authorize the judge in vacation to enter an order approving, filing, and making a part of the record a bill of exceptions; but, as a condition precedent to this authority, reasonable notice must be given to the adversary. The requirement of notice is mandatory, and must be complied with to give the judge jurisdiction to enter the order. In Lamereaux et al. v. Dixie Motor Co., 263 Ky. 67, 91 S. W. 2d 993, and Green v. Blankenship, 263 Ky. 29, 91 S. W. 2d 996, we held that, where the entry of an order is required by statute to be made upon notice to the parties, failure to comply with the statute in respect to notice renders the order void. It follows that the order which appellants moved the Circuit Court on April 28, 1944, to enter as of December 17, 1943, would have been void had it originally been entered on that date. The court properly refused to enter a void order; and, had he done so, it would have had no force or effect. That being true, the motion to strike from the record the purported bill of exceptions and transcript of evidence must be, and hereby is, sustained.

Since there is no bill of evidence presented for our consideration, we must presume that the evidence sustains the finding of the chancellor, and the judgment must be affirmed, if supported by the pleadings. United Mine Workers of America, Local Union 6659, v. Jones et al., 290 Ky. 569, 162 S. W. 2d 17, and cases therein cited. The petition alleged appellees' ownership of the property in question located in Hardin County, by adverse possession. All the necessary elements of adverse possession, commencing in the year 1850 and continuing to the date of the filing of the petition, were pleaded. The judgment decreed appellees' ownership of the property by reason of the possession alleged. It is clear that the pleadings support the decree of the chancellor.

The judgment is affirmed.