## Cook et al. v. Chitwood.

Nov. 13, 1945.

J. E. Stephens and Stephens & Steely for appellants.

J. C. Bird for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Dismissing appeal.

David Anderson died testate in 1922. He had been married four times, and left seven children by his first wife and one child, Julia Anderson, by his third wife. All of the children by the first marriage were more than 21 years of age when their father died, and Julia Anderson was about 7 years of age. The testator's third wife was Josie Chitwood, who died when her daughter Julia was 3 or 4 years of age. Within a year of her death David Anderson married Isabel Stevens, who survived him.

At the time of his death Anderson owned a tract of land in McCreary county worth about $1,500, which constituted practically his entire estate. He devised all of his real estate to his daughter Julia, subject to the qualified life estate which he gave to his wife, Isabel Anderson. The will provided that Julia should have the right to reside on the land with her stepmother. Soon after David Anderson's death his widow married John Chambers, and Julia lived with them until her stepmother's death, about 14 years later, when Julia was 21 years of age. She then went to the home of her half brother, Joe Anderson, where she stayed a short time, and then to the home of her half sister, Nan Cook, wife of Riley Cook, who lived in Oneida, Tennessee. On October 26, 1940, Julia Anderson conveyed the land in McCreary county, Kentucky, to her half sister, Nan Cook. The consideration recited in the deed was "One Dollar and other good and valuable considerations of Four Hundred Dollars to be in hand paid by the said party of the second part." Soon after the conveyance was made, the grantee had the standing timber on the land cut and sawed and a large amount, about 60,000 feet, was sold. Truman Ellis, son of Nan Cook by her first marriage, represented his mother in these transactions and in renting the land. Tom Chitwood, uncle of Julia Anderson, learned of the conveyance some time in 1944, and immediately instituted proceedings in the McCreary circuit court to have Julia Anderson declared incompetent to manage her estate and to have a committee appointed for her. At the inquest it was adjudged that she was incompetent to manage her estate, and Tom Chitwood was appointed her committee. He then brought this action against Nan Cook and Riley Cook, her husband, and Truman Ellis to have the deed from Julia Anderson to Nan Cook set aside on the ground of fraud, and to recover from the defendants the value of the timber cut and removed from the land and the rents and profits from same from the time the deed was executed. In her answer and counterclaim the defendant, Nan Cook, alleged that she had made certain improvements on the farm, and she asked to be adjudged a lien on the land in the sum of $500 in the event the court should cancel the deed and restore the property to Julia Anderson. The depositions of several witnesses were taken and on December 6, 1944, the third day of the regular December term

of court, an order was entered submitting the cause for judgment. On January 24, 1945, which was in vacation, a judgment was rendered canceling and setting aside the deed from Julia Anderson to Nan Cook on the ground that "the grantor therein, Julia Anderson, was, at the time of the execution thereof, mentally incapable of executing such deed, and was mentally incapable at the time of understanding the purport of her act in the execution of same." The judgment also contained the following:

"It is further ordered and adjudged by the court that the defendants herein are hereby precluded from claiming or recovering anything, whatever, for alleged improvements placed upon said land by reason of said conveyance, or otherwise, since the alleged conveyance from Julia Anderson to Nan Cook was fraudulent on the part of said Nan Cook from its inception to its execution. * * *

"It is further ordered and adjudged that the plaintiff, T. Chitwood, as committee for the said Julia Anderson, and for her exclusive benefit, recover of the defendants the sum of $300.00 for the value of the timber cut and removed from said land by the defendants."

The proof shows conclusively that Julia Anderson is feeble minded, and at the time the deed was executed was incapable of comprehending the nature of the transaction. She received no part of the consideration named in the deed. The evidence supports the judgment in every respect except as to the personal judgment for $300 against Riley Cook, husband of Nan Cook. There is no evidence that he took any part in the transaction or received any of the proceeds from the sale of the timber. We are precluded, however, from either affirming or reversing the judgment, since the appeal must be dismissed.

The December, 1944, term of the McCreary circuit court ended December 27, and the next regular term commenced on the first Monday in March, 1945. The judgment was rendered on January 24, 1945, approximately a month after the close of the December, 1944, term, without the notice to the parties required by section 23.150 of the Kentucky Revised Statutes, which reads:

"The judge of each circuit court, other than those of continuous session, may make or direct in vacation or

term time at his chambers, at the circuit clerk's office or at any other place in any county in the district, any order, rule, judgment or decree in any proceeding, whether at law or in equity or on the criminal docket, upon reasonable notice to the parties, except where trial by jury is called for or ordered by the court.''

Since the judgment was entered without notice and without agreement, it is void and it was necessary that a motion to set it aside be made and overruled in the circuit court before an appeal could be prosecuted. Section 763, Civil Code of Practice. A motion to set aside the judgment was not made. In Lamereaux v. Dixie Motor Co., 263 Ky. 67, 91 S. W. 2d 993, 996, the judgment was entered in vacation without notice and without agreement. An application for a new trial was made and it was held that this was equivalent to a motion to set aside the judgment as void. In the opinion it was said:

''The evidence fairly establishes that the judgment in the original action was entered after the statutory term of the court had expired and after the date to which it had been extended by an appropriate order entered at the regular term, without notice and without an agreement as required by section 964b-1, Carroll's Kentucky Statutes (Baldwin's Supp. to 1933). The application for the new trial may consistently be regarded as a motion to set aside the judgment as void. (Citations). We regard the judgment void, since it was entered without notice and without an agreement, though the court attempted to render it in virtue of section 964b-1. It follows that the court erred in not setting it aside.''

To the same effect are Green v. Blankenship, 263 Ky. 29, 91 S. W. 2d 996; Shepherd v. Commonwealth, 264 Ky. 235, 94 S. W. 2d 606; Middleton v. Lewis, 265 Ky. 9, 95 S. W. 2d 1114; and Booth v. Copley, 283 Ky. 23, 140 S. W. 2d 662. Cf. Stevens v. Young, 180 Ky. 154, 202 S. W. 481, and Beliles v. Whittaker, 199 Ky. 431, 251 S. W. 190.

The appeal is dismissed.