## WELLMAN et al. v. BILLUPS.

Court of Appeals of Kentucky.

March 19, 1954.

Kit C. Elswick, Lexington, for appellants.

C. F. See, Jr., Louisa, for appellee.

SIMS, Chief Justice.

Appellants, Lillian and Ira Wellman, brought this action under § 518, subsec. 4 of the Civil Code of Practice for a new trial on the ground that appellee, Maggie Billups, obtained judgment through fraud, whereby the latter was declared to be the owner of a small strip of land about 10 feet wide running the length of the adjoining properties of the parties. A demurrer to the petition was overruled and appellee's answer was a general denial. Proof was taken by depositions and the court upon consideration thereof dismissed the petition and this appeal followed.

The proof shows that in the original action Mr. C. F. See, Jr., attorney for Mrs. Billups, had notice served upon Mrs. Wellman on May 31, 1947, that he would take depositions for Mrs. Billups on June 4 of that year in the courthouse in Louisa; that Mrs. Wellman mailed the notice to her attorney, Mr. Kit C. Elswick in Lexington, who did not receive the notice until after the depositions were taken and for this reason did not attend the taking. Mr. Elswick testified he subsequently saw Mr. See in Louisa, who told him he had only taken the deposition of Mrs. Billups, that he was not

through and more proof would be taken. Mr. See testified he had no recollection of such a conversation with Mr. Elswick.

The uncontradicted deposition of the circuit court clerk shows that under the heading of "Vacation Orders" judgment was entered without notice in favor of Mrs. Billups on July 23, 1947. The testimony of Mrs. Wellman is, the first notice she had of this judgment was that on November 10, 1947, she received a registered letter from Mrs. Billups enclosing a certified copy of the judgment. This testimony of Mrs. Wellman is not contradicted.

While the petition to vacate the original judgment is inartificially drawn, it avers Mr. See, as attorney for Mrs. Billups, misled Mr. Elswick, as attorney for Mrs. Wellman, in that the former was not through taking depositions and the latter would have an opportunity to take his proof; that the judgment was entered during vacation without notice, was void and should be vacated. The petition further avers Mrs. Wellman had a good defense to the original action in that she could prove title to the property in dispute through 23 years possession under which she claimed title to a well-defined boundary line as shown on plats and maps laying out this particular addition to the City of Louisa. The court properly overruled Mrs. Billups' general demurrer to the petition for a new trial.

It was formerly provided in KRS 23.150 that the judge of each circuit court, other than those of continuous session, may upon reasonable notice to the parties, except where a trial by jury is called for or ordered by the court, make or direct in vacation any order, rule or judgment. We have consistently held that a judgment entered in vacation without notice, and not by agreement of parties, is void. Lamereaux v. Dixie Motor Co., 263 Ky. 67, 91 S.W.2d 993; Carter v. Templeman, 298 Ky. 272, 182 S.W.2d 241; Cook v. Chitwood, 300 Ky. 813, 190 S.W.2d 551.

It is apparent the present action was intended as a suit for a new trial under §

518 of the Civil Code of Practice, and we have held that such an action will be treated as a motion to set aside the judgment in the original suit as void as provided in § 763 of the Civil Code of Practice. Green v. Blankenship, 263 Ky. 29, 91 S.W.2d 996. Also see the Cook case cited in the preceding paragraph. It follows that the court erred in not setting aside the judgment in the original action because it was entered in vacation without notice, or by agreement of the parties, and it is void.

The judgment is reversed for proceedings consistent with this opinion.