## Beliles, et al. v. Whittaker.

(Decided May 29, 1923.)

### Appeal from Butler Circuit Court.

1. Deeds—Agreement to Perform Existing Obligation is Not Consideration.—Where the only consideration for the execution by one grantor of a deed was the promise of the cograntor and his sureties to continue to support her, which they were already legally obligated to do, under a clause in a deed from her to her co-grantor and by the terms of the bond, the deed was unsupported by consideration.

2. Deeds—Not Binding Without Consideration.—A grantor is not bound by a deed executed without consideration, especially when all the facts were known to the grantee.

3. Judgment—Judgment in Vacation is Nullity.—A judgment not made or entered in a regular or special term of court, but in vacation, is a nullity.

4. Evidence—Court of Appeals Judicially Knows Terms of Circuit Courts.—The Court of Appeals takes judicial knowledge of the terms of the circuit courts.

E. J. FELTS, S. R. CREWDSON and E. N. MAYHUGH for appellants.

G. V. WILLIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

On October 6, 1911, Mary Ann Whittaker and her husband, Francis Whittaker, of Butler county, deeded their farm of 35 acres, a store of merchandise and all household goods and fixtures, to their son-in-law, S. A. Beliles,

for the recited consideration "of the second party taking care of the first parties the rest of their natural lives, furnish them food, clothing, medicine, doctor bill, and caring for them in every way necessary." The deed carried covenants of general warranty. Appellant, S. A. Beliles, immediately took possession of the premises and lived there with his family. In a few weeks after the making of the deed and the assigning of the property the husband, Francis Whittaker, died. Appellee, Mary Ann Whittaker, continued to live with Beliles for some seven or eight years, during which time he provided for her in part as set forth in the deed. Simultaneously with the making of the deed the grantee, Beliles, with sureties, entered into the following bond:

"We, S. A. Beliles, principal, and C. V. Beliles and R. P. Beliles, sureties, bind ourselves, in the sum of four hundred dollars, Francis Whittaker and M. A. Whittaker, that S. A. Beliles will faithfully perform his part of the agreement to care for, support and maintain the said M. A. Whittaker and Francis Whittaker during the remainder of their natural lives in consideration of the fact that the said M. A. Whittaker and Francis Whittaker have this day deeded to said S. A. Beliles their property, both real and personal."

After living at the house of the grantee Beliles for several years, Mrs. Whittaker left and went to the home of a neighbor, living there some months before the commencement of this action. She instituted this action against Beliles and his sureties on the bond and others, praying a cancellation of the deed and a restoration of the property, and for damages on the bond, averring that appellant Beliles had violated the contract to support and take care of her, that he had refused to feed her or clothe her or furnish her medical attention, and had ill-treated her, striking her, kicking her and beating her and driving her from his home.

Appellant Beliles and his associates answered and denied the alleged breach of contract and of the bond, and further pleaded that appellant Beliles had kept and performed his contract according to its terms and that appellee Whittaker had wrongfully left his home and taken up her residence elsewhere against his will, and that he had provided for her while she remained at his home. The pleading also set forth that Beliles had sold 32½ acres of the land to one Thatcher and that in conveying the land to Thatcher appellee Mary Ann Whittaker had

joined in the deed and had received part of the considera-
tion for the conveyance; that at another time appellee Be-
liles had sold the remaining 2½ acres of land and exe-
cuted deed to the grantee, in which deed appellee Whit-
taker joined.

Issue being joined Mrs. Whittaker introduced evi-
dence to prove the averments of the petition. She testi-
fied in her own behalf. Her testimony supports the aver-
ments of her petition that the appellant Beliles refused to
provide for her according to the contract, and ill-treated
her, striking her, kicking her and driving her from his
home. She admits, however, in her testimony that she
joined in the deed from appellant Beliles to Thatcher and
received part of the consideration for that conveyance,
though she says the conveyance was against her will.
She also admits that she joined in the deed from appel-
lant Beliles for the remaining 2½ acres which he con-
veyed to another party, but she says that she did so
against her will and under coercion, and that she received
no consideration whatever for doing so; that Beliles and
the grantee in the deed persuaded her to join in said deed
and promised her that they would carry out appellant's
contract to support and care for her the balance of her
days. She is corroborated in her evidence by one or more
witnesses called in her behalf. Appellants introduced
no evidence, because, as they say, time was not given in
which to take depositions after the plaintiff concluded her
proof.

The lower court, to whom the case was submitted with-
out the intervention of a jury, adjudged Mrs. Whittaker
recover of the defendants, S. A. Beliles and C. A. Beliles,
the sum of $200.00 on the bond sued on, with six per cent
interest from February 10, 1921, until paid; and further
adjudged her entitled to recover the 2½ acres which
were conveyed by appellant Beliles with her jointly, but
for which she received no consideration. Of this last
paragraph of the judgment appellants bitterly complain.
The original deed was made on October 6, 1911, and was a
valid and binding contract if carried out according to its
terms; so was the bond upon which Mrs. Whittaker relies
for indemnity. The question is: Can Mrs. Whittaker,
who joined in the deed for the 2½ acres, recover it in this
action? The evidence as now presented clearly shows
that there was no consideration passed from the grantee
in the deed to Mrs. Whittaker, nor did she receive any
from any source. She says that Beliles and the grantee

in the deed agreed only to carry out the contract which she and her husband made with Beliles at the time they deeded to Beliles all their land and other property. This, of course, was no valid consideration. Appellant Beliles was under obligation to do that according to the terms of the original contract. The deed, therefore, was without consideration and she was not bound by it, especially when all the facts were known to the grantee, as in this case. If the evidence, when all in, should be in substance the same as upon the last trial, the court will apply the foregoing rules of law and enter judgment accordingly.

As appellant Beliles, it appears from the evidence now in the record, violated his contract to take care of Mrs. Whittaker, to board, clothe and care for her, she was entitled to recover upon the bond.

Appellants make several preliminary questions of more or less consequence. It is argued by appellants that the judgment was not made or entered in a regular or special term of court but in vacation, and this contention is supported by the order of the court. Court adjourned some time in February, 1921, and the judgment was entered by the court April 26, 1921, out of term time and when no court was in session in the said county. The orders so show. This court takes juridical knowledge of the terms of the circuit courts. It was not entered as a *nunc pro tunc* order. The judgment was not only made out of term time but likewise entered in vacation. Such order was a nullity and upon the filing of the mandate the trial court will set it aside and grant a new trial. Appellants should be afforded reasonable opportunity to take proof. The other preliminary questions will perhaps not arise again, for which reason we pass them.

Judgment reversed.