## Tucker, et al. v. Tucker's Executor, et al.

(Decided December 18, 1923.)

### Appeal from Spencer Circuit Court.

1. Limitation of Actions—Action to Cancel Conveyance Controlled by Statute Relating to Relief on Ground of Fraud or Mistake.—An action to cancel a conveyance because of fraud or undue influence is governed and controlled by Ky. Stats., sections 2515, 2519, relating to time for bringing actions for relief on ground of fraud or mistake.

2. Witnesses—Plaintiffs Held Incompetent to Testify to Agreement to Devise in Action against Executor and Devisee.—Where action was brought to set aside a conveyance by plaintiffs' father against the executor and devisees of the grantee, and evidence was taken by both parties, and thereafter defendants, by amendment set up limitations, the plaintiffs, under Civil Code of Practice, section 606, subsection 2, could not subsequently testify by deposition to an agreement with the grantee that she would devise them the property in consideration of their refraining from suit, none of the defendants having testified on that issue.

NAT W. HALSTEAD and J. W. CRUME for appellants.

L. W. ROSS and EDWARDS, ODGEN & PEAK for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Prior to the 25th of March, 1910, Morris Tucker and his wife were the joint owners of a tract of land in Spencer county, upon which they lived. She was his second wife, and he had two sons by a former wife.

On that day Morris Tucker conveyed his undivided interest in that tract of land to his wife, and the deed was that day placed on the record.

Morris Tucker died November 20th, 1911, but his widow, to whom he had conveyed his interest, lived until October, 1920.

This is an action against her personal representative and devisees, filed the 19th of November, 1921, wherein it is sought upon the ground of fraud, undue influence and incapacity of the grantor, to set aside the deed of Morris Tucker to his wife dated March 25th, 1910.

The issues were made up and considerable evidence taken by both parties prior to the 21st of March, 1922, and such evidence had no relation whatever to the issues

thereafter made in an amended answer by defendants, and a reply thereto by plaintiffs.

After all this evidence on the issues, as originally made, had been taken and the depositions of both parties in interest having been completed on those issues, the defendants on the 21st of March, 1922, filed an amended answer wherein for the first time they pleaded and relied upon the five and ten year statutes of limitation as a bar to the action. Thereafter the plaintiffs filed a reply to the amended answer pleading affirmatively that shortly after the death of their father in 1911 the two plaintiffs, the sons of Morris Tucker by his former wife, went to see Bettie Tucker, their stepmother, who had died before the institution of this action, and notified her they expected to bring suit to set aside the deed complained of, and that thereupon their said stepmother, the decedent, then and there assured them if they would not institute such suit to set aside the deed she would devise the interest therein conveyed to her to the plaintiffs in her last will and testament, and that she many times thereafter made substantially the same promise and assurance to them, but did not do so, and that they relying upon this promise and assurance desisted from the institution of such an action, and it was because of such promises and assurances by her that they so desisted, and they rely upon these assurances and promises of the decedent as an avoidance of the plea of limitation.

By an order of court the allegations of the affirmative plea in avoidance were controverted.

After the issues were thus made up on the plea of limitation, the depositions of the two plaintiffs were again taken in the action on these issues alone, and they each stated in substance that they had called upon their deceased stepmother, a short time after their father's death, and in substance told her they were going to bring a suit to set aside the deed their father had made to her, and she told them if they would not bring such suit she would devise the interest conveyed to her in that deed by their father to them in her will.

The defendants thereafter filed written exceptions to the evidence contained in these depositions, upon the ground the same was incompetent, and the court sustained the exceptions as to the competency of such evidence, and on a submission of the action dismissed the plaintiffs' petition.

Section 2515, Kentucky Statutes, provides that an action for relief on the ground of fraud or mistake shall be commenced within five years next after the cause of action accrues; and section 2519 provides that in actions for relief for fraud or mistake the cause of action shall not be deemed to have accrued until a discovery of the fraud or mistake, but that no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud.

That an action to cancel a conveyance because of fraud or undue influence is governed and controlled by the provisions of these two sections has been recently, with care and precision, announced by this court in the case of Combs v. Grigsby, 200 Ky. 31. It is admitted here that Morris Tucker, the father of plaintiffs, died in 1911, and it is shown the instrument they now seek to cancel had then been on the record for more than a year; and it is stated by them in their evidence that a month or two after his death they had actual knowledge of the existence of that instrument, and then threatened to bring suit to have the same set aside.

It is plain therefore that the plea of limitation in the amendment presented a perfect bar to this action, and the only thing necessary to consider is, assuming the plea in avoidance of the plea of limitation to be good, the same having been controverted, is there any competent evidence to sustain the affirmative plea in avoidance?

There is no evidence that deceased induced the plaintiffs to desist from bringing their action except that of the two plaintiffs themselves.

Under the express provisions of subsection 2 of section 606 of the Civil Code, no person shall testify for himself concerning any verbal statement of, or any transaction with, one who is dead when the testimony is offered to be given, except for the purpose and to the extent of affecting one who is living, and who when over 14 years of age and of sound mind, heard such statement, or was present when such transaction took place or when such act was done or omitted, unless the decedent, or a representative of, or some one interested in, his estate, shall have testified against such person, with reference thereto; or unless an agent of the decedent with reference to such act or transaction shall have testified against such person with reference thereto, or be living when such person offers to testify, with reference thereto.

On the issues as made prior to the filing of the amended answer, all the interested parties on each side had testified, but none of them had given any evidence whatsoever on the issues made by the plea in avoidance of the plea of limitation. It is clear therefore that none of the adverse parties having testified or offered to testify on the last named issue, and it not being disclosed in the evidence of the plaintiffs that any of defendants were present at the time of the alleged conversation between plaintiffs and the deceased stepmother, it is clear the evidence comes within the inhibition referred to in section 606 of the Civil Code.

The wisdom of that provision prohibiting the giving of evidence against decedents, except under the circumstances specifically pointed out in that section, has stood the test of time and can not be questioned. While its strict application may in an isolated case result in injustice, the experience of men has taught that to permit one to give evidence against his dead adversary encourages fraud and perjury, and brings about in a great majority of cases flagrant injustice.

The court properly dismissed the petition.

Judgment affirmed.