## Spicer et al. v. Spicer.

February 2, 1951.

W. R. Prater, Judge.

A. H. Patton for appellants.

Moss Noble for appellee.

JUDGE SIMS—Affirming.

This action was brought by appellants against their uncle, Daniel Spicer, to quiet title to a tract of land in Breathitt County. The land is described by boundaries rather than by courses and distances and seems to be located in "Wildcat Hollow."

Appellee by answer and counterclaim as twice amended denied appellants' title, pleaded title in himself and asked that it be quieted against appellants' claim. Considerable proof was taken by depositions and the chancellor quieted title to the property in appellee.

James Spicer, father of appellee and grandfather of appellants, owned something over 1,000 acres on Cane Creek in Breathitt County. James had nine children and on Sept. 13, 1918, he executed deeds to six of his children

conveying to each the portion of his land he desired each to have. James was killed by his son, Ova Spicer, the father of appellants, and Ova was convicted in 1921 of murdering his father and sentenced to life imprisonment. He remained in the penitentiary until November 1927, when he was paroled and taken to the home of his brother, appellee, where he died in May 1928.

The deed James executed to Ova contained this clause: "To have and to hold the same together with all the appurtenances thereunto belonging to second party, his heirs and assigns forever, with covenant of General Warranty. But the terms and conditions of this deed are, that it is not to take effect until the death of first party, and if second party should die before first party then in that event it is not to take effect at all."

This deed conveyed no present interest but was testamentary in character and was of no force. A deed to be valid must pass some present interest vesting in the grantee upon delivery thereof. Ison v. Halcomb, 136 Ky. 523, 124 S. W. 813; Glocksen v. Holmes, 299 Ky. 626, 186 S. W. 2d 634. James died intestate and subsequently his widow and the children to whom he did not make conveyances brought suit to set aside the six deeds decedent executed on Sept. 13, 1918. Judgment was entered in that action on April 12, 1924, which set aside the six deeds and decreed James died intestate the owner of the tract of land described in the judgment as containing 1,010 acres, and directed the allotment of dower to the widow and a division of the lands to be made equally among his children. This judgment recites that Dan Spicer, since the filing of the petition had become the owner of the interest of Ova Spicer and it directed the commissioners to allot two adjacent tracts to Dan. The record in the instant case shows this judgment was never set aside or modified and no appeal was taken therefrom; also, that the entire record in that case has been lost and cannot be found.

The proof shows that while Ova was in the penitentiary he executed a deed to Dan on March 6, 1924, conveying to Dan all of grantor's undivided interest in the 1,000 acre tract their father owned at the time of his death. It was acknowledged before W. B. Fuller, a notary public in Franklin County, who was then employed as chief clerk at the penitentiary.

It is insisted by appellants that the judgment of 1924 is void because Ova was not a party defendant to that action and the court was without jurisdiction to set aside the deed the father had executed to Ova. Of course, if Ova was not a party to that action, or was not before the court, the judgment is void as to him. But there is no record to show he was not a party to that action or that he was not before the court. His rights were adjudged therein and in a collateral attack after the lapse of many years, it will be conclusively presumed that he was before the court. Berry v. Foster, 58 S. W. 709, 22 Ky. Law Rep. 745; Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S. W. 2d 979, 981. The legal presumption is that a judgment is valid, which presumption embraces the element of jurisdiction over the parties. As was said in the Davis opinion, ''The integrity and value of the administration of justice rests largely upon this principle.'' In a collateral attack the court must presume the judgment was valid and will not declare it void unless that fact affirmatively appears from the record in the case where the judgment was rendered. Dean v. Brown, 261 Ky. 593, 88 S. W. 2d 298; McFarland v. Hudson, 262 Ky. 183, 89 S. W. 2d 877.

Appellants can only attack the 1924 judgment in this collateral proceeding on the ground it is void. White v. White, 294 Ky. 563, 172 S. W. 2d 72, 74. As said in the White opinion, ''To warrant a collateral attack on a judgment of a court of general jurisdiction, want of jurisdiction must appear on the record, and a pleading that merely alleges the absence of jurisdictional facts is not sufficient.'' Here, the original record was lost, with the exception of the recorded judgment, and there is nothing to show want of jurisdiction, or that Ova was not before the court, when this 1924 judgment was rendered. Therefore, appellants fail in their collateral attack on that judgment.

Appellants introduced proof that the signature on the deed from Ova to Dan was not Ova's signature. However, the notary public who took the acknowledgment testified that Ova signed the instrument in his presence and acknowledged it before him. Appellee insists that as appellants did not call in question the certificate of the notary taking the acknowledgement in a direct proceeding, nor allege fraud upon the part of Dan, or mis-

take of the notary, they cannot under KRS 61.060 question the signature or acknowledgment of Ova. We have many times written that an officer's certificate imports absolute verity unless attacked in a direct proceeding against the officer or his surety, or unless there is an allegation of fraud in the obtention of the certificate by the party benefitted, or mistake upon the part of the officer. As there is no pleading attacking the certificate or charging fraud on the part of Dan or mistake of the notary, the deed Ova executed to Dan must stand. Catron v. Jones, 281 Ky. 163, 135 S. W. 2d 419; Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. 2d 978, and cases therein cited.

Appellants contend their plea of champerty against Dan should be sustained as they were in possession of the property claiming it when he obtained deeds from some of the other heirs. However, Dan testified appellants were occupying the land not under claim of right but with his permission, and under the state in which we find the record we cannot say the chancellor erred in refusing to sustain appellants' plea of champerty.

The judgment is affirmed.