Joe SKAGGS, Appellant,

v.

Wilma Jean VAUGHN et al., Appellees.

Court of Appeals of Kentucky.

April 29, 1977.

Carl Howell, Hodgenville, for appellees.

William A. Miller and William A. Miller, Jr., Louisville, Morris Butler, Greensburg, Shelby M. Howard, Hodgenville, for appellant.

Before HOWARD, LESTER and PARK, JJ.

PARK, Judge.

The appellant, Joe Skaggs, appeals from a judgment of the LaRue Circuit Court granting a summary judgment dismissing his complaint. By his complaint, Skaggs attacked the validity of a deed dated November 29, 1968, apparently executed by Skaggs and his wife, Allie. This deed purported to convey a farm to Allie's two nieces, the appellees Wilma Jean Vaughn and Winnie Ree Vaughn Reed, subject to a joint life estate reserved by the grantors. Following Allie's death in 1969, Skaggs remarried and moved from the farm to Chattanooga. This action was precipitated by a dispute over the cutting of trees on the farm by Skaggs.

In his complaint and in his pre-trial deposition, Skaggs asserted that he did not sign the deed of November 29, 1968. Skaggs' position with respect to his signature on the deed is somewhat modified on appeal. The appellant's brief states:

"Joe maintains that the signature on the deed is not his and that he never signed a deed. *Joe admits that he did sign something,* and he admits that he knew he could live on the land during his lifetime, *but he maintains that he thought he was signing a will and not a deed,* a will being freely revocable at any time prior to death." (Emphasis added)

According to the depositions of both Wilma Jean Vaughn and Winnie Ree Vaughn Reed and the affidavit of the attorney drafting the deed, Skaggs did in fact sign the deed in the attorney's office.

Although Skaggs denied that the signature on the deed was his, this court concludes that the pleadings are not sufficient to raise the issue of forgery. The deed of November 29, 1968, contains a notary's certificate that Skaggs and his wife acknowledged the deed to be their act and deed. The complaint does not allege fraud on the part of the grantees in obtaining the notary certificate, nor does the complaint allege mistake on the part of the notary. In the absence of such allegations, Skaggs cannot allege that he did not execute the deed. KRS 61.060; *Spicer v. Spicer,* 314

Ky. 560, 236 S.W.2d 474 (1951); *Grigsby v. Mosley,* 297 Ky. 571, 180 S.W.2d 99 (1944); *Atkins' Guardian v. McCoy,* 263 Ky. 846, 93 S.W.2d 839 (1936).

The primary issue on appeal is whether the statute of limitations bars that portion of the complaint which alleges that the execution of the deed was obtained by fraud, mistake and undue influence. The parties agree that the applicable provisions relating to limitations are set forth in KRS 413.120(12) and KRS 413.130(3). KRS 413.-120 provides:

"The following actions shall be commenced within five (5) years after the cause of action accrued: * * * (12) An action for relief or damages on the ground of fraud or mistake."

KRS 413.130(3) provides:

"In an action for relief or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud."

The deed in question is dated November 29, 1968. Skaggs' complaint was filed January 21, 1974, more than five years after the date of the deed. Thus this action would be barred under the provisions of KRS 413.-120(12) unless saved by the provisions of KRS 413.130(3).

In a written opinion, the trial judge concluded that this action was barred by the five year statute limitation set forth in KRS 413.120(12). The trial judge stated:

"If the five year statute is allowed to lapse, as in the present case, plaintiff must allege facts to excuse the delay or he fails to state a cause of action. Plaintiff has failed to allege that a confidential relationship existed between him and the defendants who were Allie's nieces and not otherwise related to him and who did not live with him and he has failed to allege that the purported fraud or mistake was not only not discovered within

the five year period but that it could not have been discovered sooner by reasonable diligence."

The trial judge's opinion was apparently based upon the line of cases which established the following rule: If the five year period of KRS 413.120(12) has elapsed, the plaintiff must allege and prove that the fraud or mistake was not only not discovered within the five year period, but that it could not have been discovered sooner by the exercise of reasonable diligence. *E. g., Justice v. Graham,* Ky., 246 S.W.2d 135 (1952). The answer of the appellees affirmatively pleads the statute of limitations. However, neither the complaint nor the amended complaint alleged any facts which would justify the application of the saving clause of KRS 413.130(3).

■ Skaggs argues that it is no longer necessary to allege in the complaint facts necessary to overcome the affirmative defense of the statute of limitations. Since the adoption of the Kentucky Rules of Civil Procedure, only "notice" pleading is required. CR 8.01. However, the adoption of the Kentucky Rules of Civil Procedure did not abolish the rule referred to above. In *Madison County v. Arnett,* Ky., 360 S.W.2d 208, 210 (1962), decided since the adoption of the Kentucky Rules of Civil Procedure, the Court of Appeals stated:

> "In order to enlarge the five-year statute of limitations to ten years, on a charge of fraud, appellant must *allege* and prove the fraud was not discovered with the five-year period and also *allege* and prove the fraud could not have been discovered within that period by the exercise of reasonable diligence." (emphasis added)

This rule is consistent with CR 9.02 which requires that the circumstances constituting fraud or mistake must be stated with particularity in pleadings. The Kentucky rule is also consistent with the general rule in the United States. In order to recover damages for a recently discovered fraud, the plaintiff must allege the time and means of discovery, why earlier discovery had not occurred, and the diligence exercised by the plaintiff to discover the fraud.

37 *Am.Jur.2d* Fraud and Deceit § 432. See *Boone v. Gonzalez,* Ky.App., 550 S.W.2d 571, decided this day.

■ The deed in question was recorded on November 29, 1968, in the office of the Clerk of the LaRue County Court. As a general rule, the recording of a deed obtained by fraud is notice to the grantor, and the grantor must bring an action to set aside the deed within five years after the recording of the deed, or within ten years of the execution of the deed, whichever is earlier. *Hollifield v. Blackburn,* 294 Ky. 74, 170 S.W.2d 910 (1943). Skaggs relies upon an exception to the rule in cases in which a confidential relationship exists between the parties. As stated in *Hernandez v. Daniel,* Ky., 471 S.W.2d 25, 26 (1971):

> "The five-year statute of limitations set forth in KRS 413.120(12) does not commence to run until the alleged fraud or mistake is discovered or, in the exercise of reasonable diligence, should have been discovered. When a confidential relationship exists between the parties, however, the statute does not begin to run until actual discovery of the fraud or mistake. Constructive notice such as the recordation of the instrument containing the mistake is not sufficient to commence the operation of the statute."

In the present case it is neither pled nor proved that any confidential relationship existed between Skaggs and Allie's two nieces. Nevertheless, a confidential relationship did exist between Skaggs and his wife, Allie. With respect to the execution of the deed, Skaggs complains of the activities of Allie, rather than her two nieces.

With respect to Allie's conduct at the time of the execution of the deed, Skaggs testified by deposition as follows:

> "Q.127 Joe, was it you or your wife that called Winnie and said that you wanted to come over to my office to make a deed, which one of you called?
>
> A. It was my wife, she wanted that made.
>
> Q.128 She called?

A. She run things over me, that's what she done.

Q.129 Now, she called, and you all came over in a car, is that right?

A. What? No, me, I come down this road.

Q.130 All right. Who picked up Winnie and Jean and came over to my office? Was it Allie or was it you?

A. Who fixed up what?

Q.131 Who picked them up in the car?

A. Well, they come in their own car.

Q.132 All right. Did you come with Allie or did she come by herself, or did you drive her?

A. No, I drove. I come right down 210. I never did go around that way where they lived.

 * * * * * *

Q.136 Whose idea was it to deed this property?

A. My wife's.

Q.137 All right. Did you have any objection to doing it?

A. Well, I was forced into it. I didn't—

Q.138 Who forced you into it?

A. My wife.

Q.139 Allie, your first wife?

A. That's right.

Q.140 All right.

A. She thought I was going to die and she would get it, and she wanted something done—but I'm still living.

Q.141 Now, at that time, in '68, November, you all were both in my office. You said it was her idea, but both of you came there.

A. I had to come and bring her.

Q.142 What did you say?

A. I had to come and bring her.

 * * * * * *

Q.150 You said you came over with Allie. Who was driving the car, you or she?

A. She couldn't drive a car.

Q.151 You drive the car?

A. Yes.

Q.152 Now, she gave me the old deed to use to go by, didn't she, when you all were sitting in the office there? And she said draw the deed?

A. Yes."

Nowhere in the complaint or amended complaint does Skaggs allege the date he discovered the existence of the deed of November 29, 1968. At no time did Skaggs offer to amend the complaint to allege the circumstances justifying application of the exception to the five year statute of limitations provided in KRS 413.130(3). Based upon the deposition of Skaggs as well as the affidavit of the drafting attorney and the depositions of the two nieces, the trial court correctly concluded that Skaggs was aware of the existence of the deed on the date of its execution.

 Skaggs did not file an affidavit claiming that he believed that he was signing a will, rather than a deed, until *after* the trial court had granted a motion for summary judgment. All parties had filed motions for summary judgment. As the affidavit of Skaggs was not filed until after the date of the hearing on the motions for summary judgment, the affidavit was filed too late. The trial court properly declined to consider the affidavit. CR 56.03; *Mills v. Reserve Life Insurance Company,* Ky., 335 S.W.2d 955, 959 (1960). Based upon the pleadings and the entire record, the trial court correctly held that Skaggs' claim for fraud and deceit was barred by the statute of limitations.

 Skaggs claims that the trial court erred in failing to grant his motion for summary judgment. Skaggs argues that the deed of November 29, 1968, should be set aside because it was made without consideration. In support of this contention, Skaggs relies on the decision in *Beliles v. Whittaker,* 199 Ky. 431, 251 S.W. 190 (1923). The case does contain language to the effect that the grantor, Mrs. Whittaker, was not bound by a deed because it was without consideration. However, the *Beliles* case involves a failure of consideration, not a gift by deed. Mr. and Mrs. Whittaker had joined in a deed to a son-in-law, Beliles, in consideration of the promise of Beliles to

support and maintain Mr. and Mrs. Whittaker during the remainder of their lives. Mrs. Whittaker proved that Beliles breached his agreement by failing to care for and support her following the death of Mr. Whittaker. Mrs. Whittaker later joined in a deed from Beliles to a third party. The Court of Appeals held that this deed could be set aside because there was no new consideration for the deed and the third party was aware of all of the facts including the failure of Beliles to perform the original contract. As a general rule, a gift of real estate by deed is valid upon delivery without the necessity of any consideration. *Damron v. Damron,* 301 Ky. 636, 192 S.W.2d 741 (1945); *Sullenger v. Baker,* 296 Ky. 240, 176 S.W.2d 382 (1943); *Schimmelpfennig v. Jungkind,* 273 Ky. 182, 115 S.W.2d 895 (1938).

■ In his complaint, Skaggs alleged that he was without sufficient mental capacity to execute the deed. On the date the deed was executed, Skaggs was 74 years of age. The records of the Veterans Administration were made a part of the record in this case, and they established that Skaggs was suffering from pulmonary emphysema for which he was taking medication. However, there is absolutely nothing in his medical record which indicates that Skaggs was suffering from any mental disability. In cases such as this, the question is whether the grantor had mind enough to understand the nature and the character of the transaction, the property he was disposing of, and how he was disposing of it, and whether he was executing the deed in accordance with his own fixed purpose. See *Schimmelpfennig v. Jungkind, supra.* There is nothing in this record that indicates that Skaggs lacked the necessary capacity to execute the deed. In fact, the record including the deposition of Skaggs himself clearly indicates that he possessed sufficient capacity to execute the deed. There was not a genuine issue with respect to Skaggs' mental capacity.

■ The complaint raises the issue of undue influence. Skaggs contends that this issue also affects the question of mental capacity. However, an action to set aside a deed on the ground of undue influence is also governed by the five year statute of limitations set forth in KRS 413.-120(12) as may be extended by KRS 413.-130(3). *Bostic v. Bostic,* Ky., 264 S.W.2d 59 (1954); *Tucker v. Tucker's Ex'r,* 201 Ky. 383, 257 S.W. 46 (1923). That portion of this opinion dealing with fraud and mistake is equally applicable to any issue of undue influence. Under both the pleadings and the record before the trial court on the motions for summary judgment, any claim of undue influence was barred by the statute of limitations.

■ In his amended complaint filed June 14, 1974, Skaggs sought to recover the sum of $8,500.00 for money loaned to Raymond Reed on January 4, 1967. The trial court correctly held that this claim was barred by the five year statute of limitations relating to contracts not in writing. KRS 413.120(1).

For the foregoing reasons the judgment of the circuit court is affirmed.

All concur.