RENDERED: MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1045-MR

RICHARD JETER AND
EVEYLENE JETER                                                                    APPELLANTS


                        APPEAL FROM TAYLOR CIRCUIT COURT
v.              HONORABLE SAMUEL TODD SPALDING, JUDGE
                              ACTION NO. 20-CI-00154


HAROLD WILKERSON                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:   ACREE, CETRULO, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Richard Jeter and Eveylene Jeter appeal from the

findings of fact, conclusions of law, and order of the Taylor Circuit Court granting

the motion of Harold Wilkerson for summary judgment.[1]  Richard and Eveylene

---

[1] Mrs. Jeter's first name is spelled as both "Eveylene" and "Evelyn" throughout the record.  The notice of appeal spells it both ways.  When questioned at her deposition, Mrs. Jeter said she responds to either pronunciation but spells her first name as "Eveylene."

argue that the circuit court improperly applied Kentucky Revised Statutes ("KRS") 61.060 in concluding that they failed to assert a justiciable cause of action. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Richard Jeter and Harold Wilkerson are half-brothers whose mother was Gracie Jeter. Gracie died in 2016, and her husband (Richard Jeter's father) died two years later. Upon the death of Gracie and her husband, their joint will was probated in Taylor District Court. Richard and Harold were appointed co-executors.

In the will, Gracie and her husband bequeathed to son Richard a tract of land known as the Sawmill Place. Richard and Harold would later agree that this devise came as a surprise to both of them, as it had always been expected that Harold would receive the parcel.

In response to this unexpected bequest,[2] Honorable Barry Bertram, who had prepared the will for Gracie and her husband, told Richard and Harold that it would be a simple matter for Richard to transfer the Sawmill Place deed to Harold if he chose to do so. The parties agreed, and Mr. Bertram prepared a new deed transferring the parcel from Richard and Harold. According to Mr. Bertram, the parties came to his office on July 16, 2018, where they signed the deed in his

---

[2] The bequest may have resulted from an error in the preparation of the will.

presence. Mr. Bertram then completed the notary certificate attesting that the signatures were valid and filed the deed with the county clerk.

About two years later, Richard and Eveylene filed the instant action in Taylor Circuit Court alleging that the deed executed on July 16, 2018, contained forged signatures and was not valid. They asserted that they never signed the deed. The substance of the complaint was their forged signatures rendered the deed invalid. Appellants did not expressly allege fraud committed by Harold nor a mistake made by Mr. Bertram, and asserted no claim directly against Mr. Bertram who prepared the deed and certified the signatures.

The matter proceeded in Taylor Circuit Court and Harold deposed Richard, Eveylene, and Mr. Bertram. Appellants undertook no discovery. Thereafter, Harold filed a motion for summary judgment. In support of the motion, he asserted that Appellants improperly failed to comply with KRS 61.060. That statute provides in relevant part that a party may not call into question a fact certified by an official except by a direct action against the official, or by alleging fraud of the benefitting party or mistake of the official. As applied herein, Harold argued that Mr. Bertram, as attorney and notary who certified the Appellants' signatures, is an official as contemplated by KRS 61.060, that Appellants prosecuted no direct action against Mr. Bertram, and that Appellants made no

claim of fraud or mistake. Accordingly, Harold argued that Appellants' non-compliance with the statutory scheme required dismissal of their action.

On July 9, 2021, the Taylor Circuit Court entered findings of fact, conclusions of law and order granting summary judgment in favor of Harold. The court determined that KRS 61.060 was applicable to the facts before it, that Appellants' complaint did not assert a direct proceeding against Mr. Bertram per the statute, and that the complaint did not allege fraud on behalf of Harold nor a mistake by Mr. Bertram. The court found that the three cases cited by Appellants did not address the issue before the court. In response to the July 9, 2021 order, Appellants filed a motion to vacate the summary judgment. That motion was denied by way of an order entered on August 24, 2021, and this appeal followed.

**STANDARD OF REVIEW**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky. 1991). Summary

-4-

judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants, through counsel, argue that the Taylor Circuit Court committed reversible error in entering the order sustaining Harold's motion for summary judgment. They assert that Paragraph 7 of the complaint expressly alleged that Appellants' signatures on the deed are forgeries, and that Harold filed the deed. Though the complaint did not cite KRS 61.060 nor use the words "fraud" or "mistake," Appellants argue that their claim that Harold filed a deed with forged signatures is in every respect a claim of fraud, and is sufficient to satisfy the statutory requirements. As such, they contend that the entry of summary judgment in Harold's favor was not warranted.

KRS 61.060 states,

No fact officially stated by an officer in respect of a matter about which he is by law required to make a

-5-

statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer.[3]

Paragraph 7 of the complaint alleges that,

. . . Defendant [Harold] thereafter filed a deed on July 17, 2018, and recorded in Deed Book 317, Page 73in [sic] the Taylor County Clerk's Office, purporting to convey all interest of the Plaintiffs to Defendant. Said deed was not signed by the Plaintiffs herein and same is void as the signatures of Richard Jeter and Evelyn [sic] Jeter contained on said deed are forgeries.

Since no direct proceeding was prosecuted against Mr. Bertram, the primary question for our consideration is whether Paragraph 7 of the complaint sets out an "allegation of fraud in the party benefited thereby" (Harold) or a "mistake on the part of the officer" (Mr. Bertram) per KRS 61.060. In *Skaggs v. Vaughn*, 550 S.W.2d 574 (Ky. App. 1977), a panel of this Court considered Joe Skaggs' denial that the grantor signature on a deed was his own. As in the matter before us, Skaggs' signature was notarized. In concluding that Skaggs' bare claim that the signature was not his, taken alone, did not satisfy KRS 61.060, the panel noted that the complaint did not allege fraud on the part of the grantees in obtaining the notary certificate, nor a mistake on the part of the notary. Similarly

---

[3]A notary is an "officer" for purposes of KRS 61.060. *See generally Spicer v. Spicer*, 314 Ky. 560, 564, 236 S.W.2d 474, 476 (1951).

in the matter before us, though Appellants allege that the signatures on the deed are not their own, the complaint does not allege that Harold acted fraudulently in obtaining the signatures, nor that Mr. Bertram made a mistake. We find *Skaggs* persuasive, and cannot read into a complaint a claim of fraud or mistake which is not there. Further, CR 9.02 requires "the circumstances constituting fraud or mistake" to be "stated with particularity." Appellants' complaint does not set out with particularity any claim of fraud by Harold nor mistake by Mr. Bertram.

## **CONCLUSION**

Per *Scifres*, *supra*, the Taylor Circuit Court correctly found that there were no genuine issues as to any material fact and that Harold was entitled to judgment as a matter of law. Accordingly, we affirm the findings of fact, conclusions of law, and order on appeal.

ALL CONCUR.

| BRIEF FOR APPELLANTS: | BRIEF FOR APPELLEE: |
|---|---|
| Joseph R. Stewart | Robert Spragens, Jr. |
| Lebanon, Kentucky | Lebanon, Kentucky |